HARTINGH *v.* IOSCO CIRCUIT JUDGE.

1. QUO WARRANTO—MANDAMUS — COURT STENOGRAPHER — REMEDY TO TRY TITLE TO OFFICE.
    Where the circuit judge suspended the court stenographer for alleged misconduct and incompetency, and appointed another in his stead, *quo warranto* and not mandamus was the proper remedy of the suspended official, since the office is filled by a *de facto* incumbent.

2. SAME—"OFFICIAL"—STATUTES.
    Under 3 Comp. Laws 1915, § 14469, the court stenographer is an "official," rendering *quo warranto* proceedings applicable to determine the suspended incumbent's right to hold the office.

3. COURTS—HEARING ON SUSPENSION OF OFFICIAL—CONCLUSION A MATTER OF RECORD.
    Under 3 Comp. Laws 1915, § 14468, a suspended court stenographer is entitled to a hearing, and the conclusion of the court as to his reasons for not rescinding the order of suspension should be filed and made a matter of record and not rest in inference.

Mandamus by Nicholas C. Hartingh to compel Albert Widdis, circuit judge of Iosco county, to vacate an order suspending plaintiff from the office of circuit court stenographer, and to decide a motion to rescind such order of suspension. Submitted April 6, 1920. (Calendar No. 29,089.) Writ denied on first part and granted as to second June 7, 1920.

*Stoddard & McMillan,* for plaintiff.

*Herman Dehnke,* for defendant.

BIRD, J. Plaintiff was appointed official stenographer of the 23d judicial circuit by the governor on March 28, 1895. He held the office continuously until

the 20th day of June, 1919, upon which date the defendant caused to be entered in the records of the Iosco circuit court an order suspending him as official stenographer and assigning his reasons therefor. A copy of this order was served upon plaintiff and a copy was transmitted to the governor.

Following this, on July 8th, a motion was made and filed in said court by plaintiff to rescind said order. This motion was supported by the affidavit of plaintiff, denying in the main the acts of incompetency and misconduct, and challenging the jurisdiction of the court to make the order. This motion was argued before the court on the 15th day of July, 1919, and at the conclusion thereof defendant announced he would determine the motion within a few days, but notwithstanding repeated requests of plaintiff's counsel defendant has refused and neglected to file his conclusions thereon.

The petition shows further that during the time said motion was pending said defendant made an order and caused it to be entered in the journal of said court, appointing one Fred Carson as official stenographer of said judicial circuit; that said Carson accepted the appointment and entered upon the duties of the office, and is now discharging the duties thereof.

On November 20th plaintiff filed his petition in this court reciting the several steps in the proceedings and praying for the following relief:

"Wherefore, your petitioner prays that a mandamus may issue, requiring and compelling said Albert Widdis, circuit judge, to vacate and set aside the order of June 20, 1919, suspending your petitioner from the office of circuit court stenographer of said twenty-third judicial circuit court, if this is refused

"That a mandamus issue, requiring and compelling said Albert Widdis, circuit judge, to decide the motion made, filed, heard and submitted before said judge on the 15th day of July, 1919, and to render and file his

decision upon said motion within such period of time as the court may allow therefor." ˑ

1. *The First Prayer.* Plaintiff denies or explains the acts of misconduct which are recited as a ground for the order of suspension, and denies the alleged incompetency. He insists that 'the court was without jurisdiction to enter the order suspending. him, and 'that the order appointing Carson is a nullity. The raising of these questions results in raising the whole question as to whether he is entitled to the office of official stenographer. If the office were vacant and no one was claiming it, we might determine the question on mandamus, but there being a *de facto* incumbent discharging the duties of the office we think the situation presented is one which should be determined by 'quo warranto' proceedings. *Harrington v. Otsego Circuit Judge*, 204 Mich. 327, and cases there cited. The facts in the case cited were much like those in the present case, and we held there that *quo warranto* was the proper remedy.

But it is argued that plaintiff was not an official. We cannot agree with this contention. He receives his appointment from the governor of the State. He is required, by statute, before entering upon the duties of his office, to take and subscribe the constitutional oath of office, which oath of office is required to be filed in the office of the secretary of State. His salary is fixed by the legislature and is paid from public funds and the statute refers to the office of court stenographer as an *office,* and expressly makes the incumbent an *officer* of court. Section 14469, 3 Comp. Laws 1915. We think this clearly brings him within the definition of an official as a basis for *quo warranto* proceedings.

2. *The Second Prayer.* The section of the statute authorizing the court to act provides:

"Every such stenographer, whether holding office at

the time this act takes effect, or hereafter to be appointed under the provisions of this act, shall hold his office during the pleasure of the governor: *Provided,* That the court shall have power to suspend him for incompetency or misconduct; and in case of such suspension, he shall thereafter cease to hold the office of stenographer, unless by order of the court, until his suspension be rescinded. If such suspension be not rescinded within thirty days after the order of suspension, the office shall be deemed vacant." 3 Comp. Laws 1915, § 14468.

This section obviously contemplates that one who is under suspension shall have opportunity to move to have the order rescinded and it seems just as obvious that the application should be made to the court which made the order. By this practice the way is opened to one under suspension to have a hearing, on the reasons assigned for suspension. If this be true, then plaintiff had a right to make the application and have a hearing thereon. If he had this right we think it would follow that he would be entitled to have his motion determined. Of course, it may be said that the court's refusal to decide the motion was inferentially a refusal to rescind the order. This may be so for some purposes, but we think the conclusion of the court should be a matter of record and not rest in inference. We are of the opinion that the first prayer should be denied and the second prayer granted, and that defendant should be given 30 days after a copy of this opinion is served upon him to make and file his conclusions and determination of plaintiff's motion. If there should be any occasion for a writ to issue, after the defendant's attention is called to the opinion, one may issue as prayed. No costs will be granted.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, and CLARK, JJ., concurred. SHARPE, J., did not sit.