PEOPLE *v*. LEVE.

1. INDICTMENT AND INFORMATION—WORDING OF STATUTES.
   It is not imperative always to adopt the exact words of a statute in drafting an indictment or information provided other language of like import and certainty is used.

2. CRIMINAL LAW—BRIBERY—PUBLIC OFFICERS—USE OF INFLUENCE.
   The statute making it a felony for an executive, legislative or judicial officer to accept a bribe does not make it a crime to use influence (Act No. 328, § 118, Pub. Acts 1931).

3. SAME—INDICTMENT AND INFORMATION—BRIBERY—USE OF INFLUENCE.
   It was error to try defendant, charged with accepting a bribe contrary to section of penal code making it a felony for an executive, legislative or judicial officer to accept a bribe, under an information which not only did not conform to the language of the statute but was so broad that the jury could consider the use of influence by defendant, the use of influence not being an element of the crime as set forth in the statute (Act No. 328, § 118, Pub. Acts 1931).

4. OFFICERS—ESSENTIALS OF PUBLIC OFFICE.
   In order to make any position of public employment a public office of a civil nature, it is necessary to show the office was created by the Constitution or legislature or by a municipality pursuant to authority conferred upon it; there is delegated to it a portion of the sovereign power of government to be exercised for the benefit of the public; the powers conferred and duties to be discharged must be defined, directly or impliedly, by the legislature or through legislative authority; the duties must be performed independently and without control of a superior power other than the law unless placed thereunder by the legislature; and that it have some permanency and continuity and not be only temporary or occasional.

5. CRIMINAL LAW—BRIBERY—PUBLIC OFFICER—DIRECTOR OF BUREAU
OF INVESTIGATION OF BOARD OF COUNTY AUDITORS.

> Director of bureau of investigation which had been created by
> board of county auditors to interview and investigate pros-
> pective indigent adult patients hospitalized at county expense,
> whose duties were to ascertain facts and make recommenda-
> tions but who performed no duties independently and without the
> control of the board, who had no power to determine policies,
> enter into contracts, or vote upon any question, was not an
> executive officer as such term is used in section providing that
> acceptance of a bribe by an executive officer was a felony
> (Act No. 328, § 118, Pub. Acts 1931).

6. SAME—DIRECTOR OF BUREAU OF INVESTIGATION OF BOARD OF
COUNTY AUDITORS—STATUTES—PUBLIC OFFICER.

> Defendant, charged with accepting a bribe and described in in-
> formation as a director of bureau of investigation of board
> of county auditors, should have been proceeded against and,
> if found guilty, sentenced under section of penal code imposing
> penalty of misdemeanor upon employees accepting bribes
> rather than under section imposing felony upon public officers
> since he was not a public officer (Act No. 328, §§ 118, 125,
> Pub. Acts 1931).

Appeal from Recorder's Court of the City of De-
troit; Gordon (Arthur J.), J. Submitted June 15,
1944. (Docket No. 60, Calendar No. 42,221.) De-
cided October 11, 1944.

Samuel Leve was convicted of accepting a bribe.
Reversed without prejudice.

*Sidney L. Alexander, Gabriel N. Alexander* and
*Harry Cohen* (*MacMahan, Abbott & Roberts* and
*Arthur J. Abbott,* of counsel), for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, *William E. Dowling,*
Prosecuting Attorney, and *Joseph W. Louisell* and
*Harold Helper,* Assistant Prosecuting Attorneys,
for the people.

SHARPE, J.   Defendant was arrested, charged and convicted of the crime of accepting a bribe under the following information:

"State of Michigan,
County of Wayne,
City of Detroit—ss.

"The recorders court of the city of Detroit.

"In the name of the people of the State of Michigan, William E. Dowling, prosecuting attorney in and for the said county of Wayne, who prosecutes for and on behalf of the people of said State in said court, comes now here in said court in the March term thereof, A.D., 1942, and gives the said court to understand and be informed that Samuel J. Leve, late of the said city of Detroit, in said county, heretofore, to wit, on or about the 24th day of August, A.D., 1938, at the said city of Detroit, in the county aforesaid, who was at the time a duly authorized public official, to wit: an executive officer, an employee of the county of Wayne, director of the bureau of investigation of the county of Wayne, and who was at the time duly appointed and qualified and acting as such, did corruptly accept a gift, gratuity or consideration, to wit: $50 to do an act under an agreement and with an understanding that his vote, opinion, judgment or influence shall be given in a particular manner, and upon a particular side of a question, cause or proceeding, in the city of Detroit, Wayne county, Michigan, which may be pending or may by law be brought before him in his official capacity as such public officer, *in that he would use his influence to send or cause to be sent afflicted indigent adults to the Knoedler Convalescent Home for care and treatment,* and in that he would in his official capacity as such public officer approve vouchers for payment by the county of Wayne for services rendered by the said Knoedler Convalescent Home, and that in consideration of said gift, gratuity or consideration of $50 he did use his influence to send or

cause to be sent afflicted indigent adults to the Knoedler Convalescent Home for care and treatment and he did in his official capacity as such public officer, approve vouchers for payment by the county of Wayne for services rendered by said Knoedler Convalescent Home; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

"Note—See Act No. 328, § 118, Pub. Acts 1931.

WILLIAM E. DOWLING,

Prosecuting Attorney."

It appears that in 1928 the board of Wayne county auditors created a bureau of investigation and assigned to it investigative and clerical duties concerning indigent adult patients hospitalized at county expense. On June 29, 1934, defendant was appointed *director* for an indefinite period. He did not file an oath or bond before entering upon his duties, nor was he required to. The functions of the bureau of investigation were interviewing and investigating prospective patients as to their financial status; the collection of money to reimburse the county; and checking and comparing claim vouchers with probate orders and records. The bureau of investigation had no authority to induct a patient into a hospital. Such authority was vested in the probate court, and later in the county welfare commission. As a matter of practice, when the bureau of investigation determined that a patient was eligible to hospitalization at county expense it would recommend the hospital or home where the patient could be sent. About 12,000 patients a year were investigated by the bureau of investigation.

Prior to the trial of the cause defendant filed a motion to quash the information for the reasons that defendant was not an executive officer as charged in

the information; that defendant was an employee or agent; that the information did not charge that defendant gave his vote, opinion or judgment as required by section 118 of the Michigan penal code (Act No. 328, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-118, Stat. Ann. § 28.313]); that the charging portion of the information charged a mere use of influence; and that the examining magistrate made no finding as to any particular crime that had been committed. Said motion to quash the information was denied by the trial court.

Defendant also made a motion for a continuance because of the publication of the following newspaper article prior to the trial of the case:

### "GOOD MONEY AFTER BAD

"Ray D. Schneider, ousted Wayne county auditor charged with accepting bribes, has been brought to trial. A great deal of public money has been spent to establish that evidence against him warrants presentation of the case to the jury. A further substantial sum must go out of the tax-supported coffers to determine his guilt or innocence.

"Nor is there ground to hope that should the present jury convict Schneider it would terminate this outlay. If he chooses, the ex-auditor can protract the processes of justice indefinitely—as witness former prosecutor Duncan C. McCrea and former sheriff Thomas C. Wilcox. Long since convicted of betraying the public's trust, they still are free men by reason of appeal processes.

"Other Wayne county officials and appointees—among them another former auditor, Edward H. Williams—accepted jury findings without taking recourse to further court fights and are now in prison. Having cheated Wayne county's taxpayers out of scores of thousands of dollars by their malfeasances, having put the State and county to the cost of trying

them, they are now being supported by the State as inmates of institutions.

"Altogether, Michigan's taxpayers have taken a thorough financial drubbing from corrupt officials in this county. With the opportunities for pilfering Wayne's present governmental form offers, it is inevitable that sooner or later another gang of rogues will take it over. Then the whole costly, shameful process will have to be gone through again—with every taxpayer in Michigan as the ultimate sucker.

"When Wayne county asks that the voters of Michigan's other counties join with it next Nov. 3 in voting for a measure that will enable it to devise a modern, economical, graft-proof government, it isn't pleading for the acceptance of a theory. It is asking for something the distressing need for which can be read directly out of tomes of grand jury evidence, confessions and court records—something that will halt the outpouring of public moneys that can't be dammed so long as Wayne is governed by the ancient, creaking administrative machinery it now possesses."

There was also published in the newspaper another article of similar import.

The trial court denied the motion for a continuance and the cause proceeded to trial. A jury was selected, and one Celia Knoedler testified that she gave defendant $50 to "get business." The jury brought in a verdict of guilty. Thereafter defendant made a motion for a new trial. Among the reasons stated are that defendant was not an officer within the meaning of section 118, Michigan penal code; that he did not act in the capacity of an officer; and that the court erred in giving the jury conflicting and confusing instructions. The trial court denied the motion for a new trial, and upon leave being granted, defendant has appealed, and again renews the reasons stated in his motions to quash the information and for a new trial.

The information filed in this case was by virtue of section 118 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–118, Stat. Ann. § 28.313). This statute provides that any executive, legislative or judicial officer who shall corruptly accept any gift or gratuity, or any promise to make any gift, or do any act beneficial to such officer under an agreement, or with an understanding that his vote, opinion or judgment shall be given in any particular manner, shall be guilty of a felony. In the information filed in this cause there was added to his *"vote, opinion* or *judgment"* the words *"in that he would use his influence."* The trial court instructed the jury as follows:

"However, the statute under which this prosecution is brought, provides:

" 'Any executive, legislative or judicial officer, who shall corruptly accept any gift or gratuity, or any promise to make any gift, or to do an act under an agreement and with an understanding that his vote, opinion or judgment or influence shall be given in a particular manner, and upon a particular side of a question, cause or proceeding, which may be pending or may by law be brought before him in his official capacity.' "

The people urge that it is not imperative to always adopt the exact words of the statute, provided other language of like import and certainty is used, citing *People* v. *Covelesky*, 217 Mich. 90. We are in accord with the theory of the cited case, but in our opinion it has no application to the facts in the case at bar. In the instant case the statute provides for vote, opinion or judgment. It does not make it a crime to use influence.

The information is much broader than the statute. The facts indicate that defendant did use his influence to have patients assigned to the Knoedler Convalescent Home. The jury might well have con-

sidered the term "influence" in bringing about a conviction. It was error to try defendant on an information that not only did not conform to the statute but was so broad that a jury could consider facts which were not elements of the crime.

It is also urged that defendant was not a public officer within the meaning of section 118 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–118, Stat. Ann. § 28.313). In considering this question we have in mind that the bureau of investigation was created by the board of auditors as a servient organization dependent upon the auditors for its powers and duties and that defendant had no powers or duties which were not changeable at the will of the auditors.

In *People* v. *Freedland,* 308 Mich. 449, we quoted with approval from *State, ex rel. Barney,* v. *Hawkins,* 79 Mont. 506, 528, 529 (257 Pac. 411, 53 A. L. R. 583), as follows:

"After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional."

The duties of defendant were not performed independently and without control of the board of auditors. His duties were to ascertain facts and make recommendations. He had no power to determine policies, enter into contracts, or vote upon any question. He was not an executive within the meaning of the act under which he was convicted. He should have been proceeded against, and if found guilty, sentenced under section 125 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–125, Stat. Ann. § 28.320.)

The judgment is reversed, but without prejudice upon the part of the people to file a new information under section 125 of the Michigan penal code.

North, C. J., and Starr, Bushnell, Boyles, and Reid, JJ., concurred with Sharpe, J. Wiest and Butzel, JJ., concurred in the result.