MEILAND v. WAYNE PROBATE JUDGE.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MANDAMUS.
    Questions reviewed on granted leave to appeal from order granting writ of mandamus are limited to such as were determined by the trial court.

2. COUNTIES—PROBATE COURT—STENOGRAPHER—COUNTY CIVIL SERVICE.
    The sole duty of the presiding probate judge of a 6-member

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 863.
[2–4] 10 Am Jur, Civil Service § 8.
[5, 8] 10 Am Jur, Civil Service §§ 14, 15.
[6, 7] 42 Am Jur, Public Officers § 12.
    Distinction between office and employment.   53 ALR 595; 93 ALR 333; 140 ALR 1076.

probate bench is to put to work a court stenographer who was certified to the position by the county civil service commission, where the judge admitted the right of the court stenographer to be certified in the classified service, requiring the last provisional employee to step aside.

3. SAME—CIVIL SERVICE—REINSTATEMENT—PROVISIONAL EMPLOYEES.

Provisional employees accept county civil service with the full knowledge that they may be called upon to step aside when someone else is certified as entitled, by way of reinstatement, to the position involved (CL 1948, § 38.413).

4. SAME—CIVIL SERVICE—STENOGRAPHER—PROBATE COURT—APPOINTMENT.

The power to recommend the appointment of a particular person to employment in the county civil service as a stenographer in the probate court reposes in the county civil service commission and the actual power of appointment is in the presiding judge of the 6-member probate court (CL 1948, §§ 38.413, 701.6).

5. MANDAMUS—PROBATE COURT—STENOGRAPHER.

Mandamus was the proper remedy of plaintiff seeking reinstatement as stenographer in 6-member probate court, where such action merely involved the exercise of a power by the presiding probate judge to the extent of removing a provisional employee, and of putting plaintiff to work after his certification by the county civil service commission (CL 1948, §§ 38.413, 701.6).

6. OFFICERS—ELEMENTS OF PUBLIC OFFICE.

The elements necessary to constitute a position of public employment a public office are (1) creation by the Constitution, legislature, municipality, or other body through authority conferred by the legislature; (2) delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; (3) definition of powers conferred and duties to be discharged directly or impliedly, by the legislature or through legislative authority; (4) performance of duties independently and without control of a superior power other than the law unless so placed by the legislature; and (5) existence of permanency and continuity and not a temporary or occasional position.

7. SAME—PROBATE COURT—STENOGRAPHER—SOVEREIGN POWER.

Probate court stenographers are not public officers since they are not delegated a portion of the sovereign power.

8. SAME—PROBATE COURT—STENOGRAPHER—REMEDY.

The statute providing for probate court stenographers and setting forth that their appointment shall be made by the

probate court, did not intend to make such stenographers officials rather than employees, hence, mandamus, rather than quo warranto, was the proper remedy of plaintiff who sought to be reinstated to his position as probate court stenographer (CL 1948, §§ 38.413, 701.6, 701.14, 701.15).

SMITH, BLACK, and EDWARDS, JJ., dissenting.

Appeal from Wayne; Carland (Michael), J., presiding. Submitted April 14, 1959. (Docket No. 47, Calendar No. 47,957.) Decided February 26, 1960.

Mandamus by Irving Meiland against substituted defendant, William J. Cody, presiding judge of Wayne county probate court, to compel reinstatement, under civil service provisions, to position as court reporter. Writ granted. Defendant appeals. Affirmed.

*Porritt & Louisell* (*Ivan E. Barris,* of counsel), for plaintiff.

*Robbins & Wechsler* (*Arthur L. Robbins,* of counsel), for defendant.

KAVANAGH, J. Plaintiff petitioned the circuit court of Wayne county for a writ of mandamus to compel the presiding judge of Wayne county probate court to appoint plaintiff to the position of court stenographer.

Plaintiff served as a court stenographer in the court of Thomas C. Murphy, judge of probate for the county of Wayne, prior to February 19, 1952. Plaintiff had been an employee of the county of Wayne some 18 years prior to that date. Plaintiff requested and received a leave of absence from the Wayne county civil service commission on February 19, 1952. Subsequently plaintiff made and executed a written document purporting to be a waiver of all of his rights to the position of court stenographer

for Judge of Probate Thomas C. Murphy and also Judge of Probate Joseph A. Murphy.  Thereafter plaintiff requested and was refused certification by the Wayne county civil service commission as court stenographer to the Wayne county probate court. He instituted action to compel his reinstatement.

On November 1, 1955, the Wayne circuit court entered an order directing the Wayne county civil service commission to certify plaintiff to the position of court stenographer for the probate court of Wayne county.

On November 14, 1955, the Wayne county civil service commission certified plaintiff and notified the presiding judge of the probate court that he should assign plaintiff to duty as a court stenographer in the probate court.  Two days later Judge Thomas C. Murphy, then presiding judge of probate court, informed the civil service commission that he could not comply because plaintiff had waived his rights to his position in his own court, and for the further reason that no vacancies for the position of court stenographer existed with respect to the other judges of the probate court.  Plaintiff thereupon instituted this action for a writ of mandamus to compel the presiding judge of probate court to reappoint him to his former position.

In his answer, the present defendant, who was substituted as defendant upon his election as presiding judge of probate court, challenged the right of plaintiff to maintain this action, principally relying upon the following facts:  (1) that the alleged rights of plaintiff are founded upon the provisions of the Wayne county civil service act and the rules and regulations promulgated thereto, and that said act constitutes an improper interference with the powers, rights, jurisdiction, and duties of the Wayne county probate court; (2) that court stenographers are not subject to classification or control by the

Wayne county civil service commission; (3) that the Wayne county probate court is an agency of the State government and not subject to control or dictation by the Wayne county civil service commission; (4) that the county civil service act is unconstitutional, invalid and void; (5) that an action of mandamus does not lie under the facts and circumstances alleged by plaintiff; (6) that defendant has been improperly substituted as party defendant in the case.

On March 3, 1958, an opinion of the Wayne county circuit judge was filed, in which he stated:

"The only question to be decided is: *Are court reporters in the probate court for the county of Wayne entitled to the protection of civil service status?*"

He proceeded to hold that they are and that plaintiff had a right to be returned to service as a court stenographer of Wayne county in accordance with the rules of the civil service commission. He authorized the issuance of a writ of mandamus against the presiding judge in accordance with the prayer of the petition. Judgment was entered accordingly.

Defendant made application for leave to appeal. The reasons and grounds for appeal were as follows:

"(a) That the trial court erred as a matter of law in granting a writ of mandamus requiring the return of plaintiff to service as a court reporter of the probate court of Wayne county.

"(b) That the trial court erred as a matter of law in determining that mandamus was the proper remedy.

"(c) That the trial court erred as a matter of law in determining that defendant, as 'presiding judge' of the probate court was under a duty and obligation to petitioner to appoint petitioner as a court reporter to defendant's court or to the court of any other probate judge.

"(d) That the trial court erred as a matter of law in determining that mandamus and not quo warranto was plaintiff's proper remedy.

"(e) The trial court erred as a matter of law in ruling that plaintiff's position as a court reporter in the probate court is within the classified services.

"(f) The trial court erred as a matter of law in ruling that the civil service act does not directly interfere with the power of probate judges over appointed court reporters.

"(g) The trial court erred as a matter of law in ruling that the plaintiff had the right to be returned to service as a court reporter of the probate court.

"(h) The trial court erred as a matter of law in ruling that this action was properly directed against defendant in his capacity as the presiding judge of the Wayne probate court.

"(i) The trial court erred as a matter of law in ruling that the civil service act, CLS 1956, § 38.414 (Stat Ann 1957 Cum Supp § 5.1191 [14]), supersedes CL 1948, § 701.14 (Stat Ann 1943 Rev § 27.3178[14]), which provides for appointment of court reporters in probate courts.

"(j) The trial court erred as a matter of law in ruling that plaintiff could be returned to probate court service without determining which presently appointed and qualified reporter should be replaced.

"(k) The trial court erred as a matter of law in ruling upon plaintiff's return to probate court service without designating the particular probate judge to whom he should be assigned for service.

"(l) The ruling of the trial court does not recognize that the defendant, as presiding judge, does not possess the power of controlling appointments of court reporters for other probate judges."

It is to be noted that only 1 or 2 of these reasons and grounds for appeal involve the question decided by the lower court.

Leave to appeal was granted. Defendant in a memorandum brief specifically withdrew from con-

sideration any claim theretofore made that the Wayne county civil service act, as applied to court stenographers for the Wayne county probate court, was invalid and unconstitutional. Counsel for defendant at oral argument again restated defendant's position in this regard.

Only 2 questions are presented here on appeal:

"1. Where the plaintiff, during a leave of absence from the probate court, waived his right to re-employment with 2 of the 6 probate court judges, is he entitled to maintain mandamus against the presiding judge to obtain re-employment in the probate court?

"2. Assuming plaintiff's right to re-employment as a probate court reporter; that all positions in the probate court are presently occupied; that to create a vacancy for plaintiff, one of the incumbents must be ousted; is mandamus the appropriate remedy to accomplish plaintiff's objective?"

It appears to be the argument of defendant that the presiding judge of probate cannot appoint plaintiff to one of the positions of court stenographer because such positions are already filled (even though the last 2 of these positions are filled with provisional employees), and therefore a writ of mandamus, which is a discretionary writ, should not issue.

Having admitted the right of plaintiff to be certified to the position of court stenographer in the classified service in the probate court of the county of Wayne, all defendant presiding judge of probate court is compelled to do is to put him to work, and under the rules and regulations of the Wayne county civil service commission, as well as the rules of common sense, the last provisional employee must step aside. Provisional employees accept county service with the full knowledge that they may be called upon to do so.

In this respect, it should be observed that counsel for the defendant stipulated that Evelyn Smith and Ann Dean (Cullitan), performing the duties of court stenographers for the probate court of Wayne county, are provisional employees. It is further agreed that at the time of the submission of this case for decision, Ann Dean (Cullitan) was the most recently appointed provisional employee serving in the capacity of court stenographer for the probate court for the county of Wayne, having been appointed to her position about June 1, 1956, said position being in the courtroom of the Honorable William J. Cody.

No question exists as to the rights of plaintiff and the rights of provisional employees under the civil service act.

CL 1948, § 38.413 (Stat Ann 1957 Cum Supp § 5-.1191[13]), provides the method of appointment to positions in classified service and provides for the probationary period under the county civil service act. Under this act, recommending power with respect to clerkship in the office of Wayne county circuit court commissioner is in the civil service commission, but appointing power is in the circuit court commissioner. *Duncan* v. *County of Wayne*, 316 Mich 513. In the same case, the Court said (p 522):

"Under the county civil service act the recommending power is in the civil service commission with the appointing power in the circuit court commissioner. * * * The change relates to the method of selection of employees only."

Insofar as probate court is concerned, the same rule applies.

Under CL 1948, § 701.6 (Stat Ann 1957 Cum Supp § 27.3178[6]), the power of nomination, appointment and removal of employees and the general direction and control of the business of the probate court is

placed in the presiding judge. Such section provides, in part, as follows:

"Where 2 or more probate judges are elected in any county, they shall have equal powers, duties and compensation except that the power of nomination, appointment and removal of the several employees as provided by law for such court, and of the offices connected therewith, and the general direction and control of the business of such court, including the division of the work between the judges, shall be vested, * * * in counties having 1,000,000 inhabitants or more, in the judge who shall be chosen by the several probate judges in said county or, in the case no judge shall receive a majority vote of such judges, then in the judge of such court selected by the governor."

It follows that no problems are created that would preclude the issuance of the writ of mandamus insofar as any confusion as to plaintiff's rights and defendant's duties in the premises.

In view of the above ruling, the only other question requiring an answer is whether or not a probate court stenographer is a public officer within the meaning of the law so that to remove such a stenographer quo warranto would be the proper remedy in place of the writ of mandamus.

In *People* v. *Freedland,* 308 Mich 449, 457, Justice Butzel, writing for the Court, quoted from *State, ex rel. Hogan,* v. *Hunt,* 84 Ohio St 143, 149 (95 NE 666), as follows:

" 'Manifestly, however, each case should be decided on its peculiar facts, and involves necessarily a consideration of the legislative intent in framing the particular statute by which the position, whatever it may be, is created.' "

Justice Butzel then went on to say (pp 457, 458):

"The rule is accurately stated in *State, ex rel. Barney,* v. *Hawkins,* 79 Mont 506, 528, 529 (257 P 411, 53 ALR 583), where the court said:

" 'After an exhaustive examination of the authorities, we hold that 5 elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional.' * * *

"In *People, ex rel. Throop,* v. *Langdon,* 40 Mich 673, 682, Mr. Justice COOLEY said:

" 'The officer is distinguished from the employee in the greater importance, dignity, and independence of his position; in being required to take an official oath, and perhaps to give an official bond.' "

Applying these factors to the instant case, probate court stenographers' duties do not appear to be those of public officers but those of mere agents and servants constituting employees. They do not exercise power and authority in the same sense as an official who has delegated to him a portion of the sovereign power.

Defendant relies primarily upon the case of *Hartingh* v. *Iosco Circuit Judge,* 210 Mich 568, as his authority for contending that quo warranto is the

proper remedy in this action and that mandamus cannot lie.

In the *Hartingh Case* the Supreme Court held that a circuit court stenographer is an officer of the court, made so expressly by the statute. It further held that a circuit court stenographer receives his appointment from the governor of the State. He is required, by statute, before entering upon the duties of his office, to take and subscribe the constitutional oath of office, which oath of office is required to be filed in the office of the secretary of State. His salary is fixed by the legislature and is paid from public funds. The statute refers to the office of court stenographer as an office. It might well be added that the term of office is fixed by statute, as well as the duties and compensation. The statute[1] further provides in his temporary absence the stenographer may appoint a competent person, approved by the judge, *pro tempore,* who shall be paid by the stenographer in whose place he acts, except in case of illness of the stenographer, when his appointee may be paid by the county. On the contrary, the probate court stenographer is an appointee of the probate judge.[2] The statute authorizes the probate judge to allocate the duties of the stenographers, and he may combine the title and powers of the deputy registers, clerks, and stenographers in any one or more persons.[3]

---

[1] See CLS 1956, §§ 691.303, 691.304 (Stat Ann 1957 Cum Supp §§ 27.333, 27.334).—Reporter.

[2] "The probate judge of any county may appoint, and in counties of 50,000 or over shall appoint, 1 or more official court stenographers of such probate court, at a reasonable salary fixed by the county board of supervisors. Such stenographers so appointed shall take and subscribe the constitutional oath of office, which shall be filed with the county clerk of the county." CL 1948, § 701.14 (Stat Ann 1943 Rev § 27.3178[14]).

[3] "The probate judge may allocate the duties of the deputy registers, clerks and stenographers, and may combine the title and powers in any 1 or more persons." CL 1948, § 701.15 (Stat Ann 1943 Rev § 27.3178[15]).

While it is true that on appointment probate court stenographers take and subscribe the constitutional oath of office, which it is provided shall be filed with the county clerk of the county, and that the county board of supervisors shall fix the reasonable salary, the statute does not make them officers of the court —the statute does not refer to the office of stenographer—and, therefore, we conclude it was not the intention of the legislature to make probate court stenographers officials rather than employees. Consequently the rule provided in *Hartingh* v. *Iosco Circuit Judge, supra,* does not apply in this case.

We do not find where the circuit judge in any way abused his discretion in granting the writ of mandamus. We feel that under the above rules established no problem will present itself to the presiding judge in regard to reinstating plaintiff to his rightful position.

The lower court is affirmed, with costs in favor of plaintiff.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred with KAVANAGH, J.

EDWARDS, J. (*dissenting*). We deal in this matter with a writ of mandamus issued by the circuit court of Wayne county. I would agree with Mr. Justice KAVANAGH in writing for affirmance of this writ if it were not for the existence of a question as to whether the statute as applied violates the principle of separation of powers of government required by the Michigan Constitution (1908), art 4, §§ 1 and 2.

It is my belief that we should not affirm issuance of writ of mandamus contemplated in this case without first requiring reargument and briefing directed

to the constitutional question, which the parties have thus far sought to avoid.

SMITH and BLACK, JJ., concurred with EDWARDS, J.

SOURIS, J., took no part in the decision of this case.