PEOPLE *v.* BOMMARITO

1. SHERIFFS AND CONSTABLES — UNDERSHERIFFS — UNDERSHERIFF'S
   DUTY — BREACH OF DUTY.
   An undersheriff is required by statute to take the same oath of
   office as a sheriff and has the same duty to obey and enforce
   state laws; an undersheriff's failure to enforce the law or to
   prevent a violation of which he is cognizant constitutes a
   breach of this duty (MCLA § 51.73).

2. SHERIFFS AND CONSTABLES—UNDERSHERIFFS—BREACH OF DUTY—
   WILFUL NEGLECT.
   An undersheriff's breach of his duty to enforce and obey state
   laws constitutes a wilful neglect of duty by a public officer
   (MCLA § 750.478).

3. SHERIFFS AND CONSTABLES—UNDERSHERIFFS—INDICTMENT AND IN-
   FORMATION—BREACH OF DUTY—SUFFICIENCY OF INFORMATION.
   Information charging the defendant, an undersheriff, with fail-
   ing to enforce the motor vehicle code in a uniform and im-
   partial manner, with knowingly acquiescing in the acts of his
   deputies in fixing traffic violation tickets and complaints, with
   wilfully neglecting his duty to see that such tickets and com-
   plaints were processed and disposed of according to law, with
   failing to maintain proper records of tickets and complaints
   which allowed his deputies to fix them, with personally fixing
   tickets and complaints, with knowingly permitting his deputies
   to conduct a lottery, and with encouraging his deputies to
   solicit funds for political purposes to finance the re-election of
   the sheriff, all in violation of specifically-cited statutes, suffi-
   ciently alleged acts which, if proved, would constitute wilful
   neglect of defendant's duty (MCLA § 750.478).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 47 Am Jur, Sheriffs, Police, and Constables §§ 154–172.
[4] 21 Am Jur 2d, Criminal Law § 450.

4. Criminal Law—Examining Magistrate—Findings—Discretion.
A trial judge may not agree with the findings of the examining magistrate but he has no right to substitute his judgment for that of the magistrate except where the magistrate has abused his discretion.

Appeal from Recorder's Court of Detroit, William J. Beer, J. Submitted Division 1 April 8, 1971, at Lansing. (Docket No. 6845.) Decided May 18, 1971.

James Bommarito was charged with wilful neglect of his duty as a public officer. Information quashed. The people appeal by leave granted. Reversed and remanded for trial.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *John A. Wilson*, Assistant Attorney General, for the people.

*Louisell & Barris* (by *Joseph W. Louisell, Jr.*), for defendant.

Before: Quinn, P. J., and R. B. Burns and McGregor, JJ.

R. B. Burns, J. The people were granted leave to appeal an order of the trial court quashing an amended information filed against the defendant. The amended information charged four counts of wilful neglect of duty contrary to MCLA § 750.478 (Stat Ann 1954 Rev § 28.746) which states:

"When any duty is or shall be enjoined by law upon any public officer, or upon any person holding any public trust or employment, every wilful neglect to perform such duty, where no special provision shall have been made for the punishment of such delinquency, shall be deemed a misdemeanor,

punishable by imprisonment in the county jail for not more than 1 year or by a fine of not more than 500 dollars."

Defendant, a former Wayne County undersheriff, was arraigned in Grosse Pointe Municipal Court on a seven-count warrant issued by a one-man grand jury. Defendant was bound over to the trial court and the people filed an amended information charging wilful neglect of duty on four of the original seven counts.

The trial judge granted the defendant's motion to quash the information and made the following statement:

"I am granting the motion to quash entirely upon all counts, accepting the motion made by Mr. Louisell as well made."

The defendant's motion to quash the information was based on two theories: one, that the information failed to charge an act which, if proved, would constitute a wilful neglect of duty, and two, that the defendant was not arraigned or examined on the counts contained in the information.

Count I charged the defendant with "being enjoined by law with a duty  *  *  *  to enforce in the County of Wayne the laws of the State of Michigan in a uniform and impartial manner and, particularly, the motor vehicle code, being CL 1948, 257.01 MSA 9.1801, et seq., did  *  *  *  willfully neglect to perform such duty in the following respects:".

The charge specified in part A, Count I, that certain deputies subordinate to the defendant "charged with the duty of processing traffic violation tickets and complaints issued by other deputies, and with the duty of forwarding such traffic violation tickets

and complaints to the proper court and tribunal for a determination by a judicial officer after trial * * * interfered with, and obstructed the administration of justice as to such traffic violation tickets and complaints by 'fixing', 'taking care of', 'adjusting', 'voiding' or 'pulling' an innumerable and indeterminate number of traffic violation tickets and * * * with the full and complete knowledge and acquiescence of * * * James Bommarito, a public officer and Undersheriff of the County of Wayne, who willfully neglected to perform the duty to see that such tickets and complaints were processed and disposed of in accordance with the law".

Part B of Count I charged the defendant with the failure to maintain proper records of traffic violation tickets and complaints processed by the office of the sheriff which allowed the "fixing" of the tickets and complaints.

Part C of Count I charged the defendant personally with "fixing" traffic violation tickets and complaints.

Count III charged that the defendant permitted a lottery to be conducted by deputy sheriffs with his knowledge, consent and acquiescence, contrary to MCLA § 750.372 (Stat Ann 1954 Rev § 28.604).

Count IV charged that the defendant encouraged deputy sheriffs under his supervision to solicit funds for political purposes by the sale of testimonial dinner tickets to finance the campaign for the re-election of the sheriff, Peter L. Buback, in violation of MCLA § 38.419 (Stat Ann 1961 Rev § 5.1191[19]).

The undersheriff is required by statute (MCLA § 51.73 [Stat Ann 1961 Rev § 5.866]) to take the same oath of office as the sheriff and he has the same duty to obey and enforce the laws of this state. Failure to enforce the law or prevent a viola-

tion of which he is cognizant constitutes a breach of this duty. *State* v. *Reichman* (1916), 135 Tenn 653 (188 SW 225).

Such a breach of duty is a wilful neglect of duty in violation of MCLA § 750.478 (Stat Ann 1954 Rev § 28.746).

The statutes which the people allege that the defendant violated are specifically mentioned in each count of the information and if proved would be a neglect of duty.

Contrary to defendant's claim, the defendant was examined on the counts contained in the information. The evidence was sufficient to allow the examining magistrate to bind the defendant over for trial and it was error for the trial judge to quash the information.

A trial judge may not agree with the findings of a magistrate but he has no right to substitute his judgment for that of the magistrate except in a case of an abuse of discretion. *People* v. *Marklein* (1960), 358 Mich 471.

The record in this case does not support a finding of an abuse of discretion by the examining magistrate.

Counts I, III, and IV of the amended information are reinstated and the case is remanded to the trial court for trial.

All concurred.