PEOPLE v CARLIN

Docket Nos. 186263, 190563. Submitted April 9, 1997, at Lansing. Decided
September 23, 1997, at 9:10 A.M. Leave to appeal sought.

Gerard L. Carlin, a deputy sheriff in Oakland County, was bound over
for trial in the Oakland Circuit Court with regard to five counts of
the common-law offense of misconduct in office. The court,
Deborah G. Tyner, J., granted the defendant's motion to dismiss on
the basis that the defendant was not a public official who could be
charged with misconduct in office. The prosecution appealed.
(Docket No. 186263).

In a separate action, the prosecution appealed to the Oakland
Circuit Court after the district court dismissed fourteen counts
against Carlin alleging misconduct in public office and one count
alleging removal, mutilation, or destruction of official records. The
circuit court, Deborah G. Tyner, J., affirmed the district court's
order of dismissal, finding that the defendant was not a public offi-
cial who could be charged with misconduct in office and that the
comp-time slips and tally sheets allegedly destroyed by the defend-
ant were not official records. The prosecution appealed by leave
granted. The appeals were consolidated.

The Court of Appeals *held*:

1. The trial court properly held that the defendant was not a pub-
lic official who could be charged with misconduct in office. Mis-
conduct in office applies only to public officers, as distinguished
from public employees. Pursuant to Administrative Order No. 1996-
4, the Court of Appeals must follow the holding in *Schultz v Oak-
land Co*, 187 Mich App 96 (1991), that an Oakland County deputy
sheriff is a public employee and not a public official.

2. The court properly found that the materials allegedly
destroyed by the defendant were not official records but were
merely notes or internal memoranda that were kept until the offi-
cial payroll and time records were entered into the computer
where they were kept.

Affirmed.

MICHAEL J. KELLY, P.J., dissenting in part, stated that the circuit
court erred in finding that the defendant was not a public officer
and therefore could not be charged with misconduct in office. The

holding in *Schultz*, that troopers and deputy sheriffs are public employees but not public officials, does not extend to the situation presented in this case, where the defendant is a deputy sheriff acting as the police chief of an incorporated city with command authority over all administrative and executive functioning employees of that police department. The defendant is a public official. Officers, such as the defendant, that hold command-level positions are subject to the common-law charges brought for the offense of misconduct in office. The matter should be reversed and remanded for further proceedings with regard to the charges of misconduct in office.

1. PUBLIC OFFICERS — MISCONDUCT IN OFFICE.

A conviction of the common-law offense of misconduct in office requires that the defendant be found to be a public officer who, while acting in the exercise of the duties of the office or while acting under color of the office, did any act that is wrongful in itself, did any otherwise lawful act in a wrongful manner, or failed to do any act that was required by the duties of the office; the offense of misconduct in office applies only to public officers, as distinguished from public employees (MCL 750.505; MSA 28.773).

2. PUBLIC OFFICERS — PUBLIC OFFICE — ELEMENTS.

Five elements are indispensable in order for a position of public employment to be considered a public office: the position must be created by the constitution or by the Legislature or by a municipality or other body through authority conferred by the Legislature; the position must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; the powers conferred and the duties to be discharged must be defined, directly or impliedly, by the Legislature or through legislative authority; the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office created or authorized by the Legislature and by it placed under the general control of a superior officer or body; and the position must have some permanency and continuity and not be only temporary or occasional; an officer is distinguished from an employee in the greater importance, dignity, and independence of the officer's position and in being required to take an official oath and perhaps to give an official bond.

3. SHERIFFS AND CONSTABLES — DEPUTY SHERIFFS — PUBLIC EMPLOYEES — PUBLIC OFFICIALS.

A deputy sheriff is a public employee, not a public official, for purposes of the common-law offense of misconduct in office (MCL 750.505; MSA 28.773).

4. Courts — Supreme Court — Authoritative Decisions.

A decision of the Supreme Court is authoritative with regard to any point decided if the Court's decision demonstrates application of the judicial mind to the precise question adjudged, regardless of whether it was necessary to decide the question in order to decide the case.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

*Thomas Kizer, Jr.*, for the defendant.

Before: Michael J. Kelly, P.J., and Wahls and Gage, JJ.

Wahls, J. In Docket No. 186263, defendant was charged pursuant to MCL 750.505; MSA 28.773 with six counts of the common-law offense of misconduct in office. The district court bound defendant over for arraignment on five counts. The prosecutor appeals as of right the circuit court's order granting defendant's motion to dismiss the five remaining counts. We affirm.

In Docket No. 190563, the district court dismissed fourteen counts of misconduct in public office and one count of removal, mutilation, or destruction of official records, MCL 750.491; MSA 28.759. The prosecutor appeals by leave granted the circuit court's order affirming the district court's order. The appeals were consolidated. We affirm.

I

In both appeals, the prosecution argues that the circuit court erred as a matter of law in ruling that defendant was not a public official who could be charged with misconduct in office. We disagree.

In reviewing a district court's decision whether to bind over a defendant for trial, the circuit court may not substitute its judgment for that of the district court and may reverse only if it appears on the record that the district court abused its discretion. *People v Selwa*, 214 Mich App 451, 456; 543 NW2d 321 (1995). This Court generally applies the same standard on review as applied by the circuit court in reviewing a district court's decision to bind over a defendant. *Id.*

A defendant must be bound over for trial on the prosecutor's information if the evidence presented at the preliminary examination establishes that a felony has been committed and there is probable cause to believe that the defendant was the perpetrator. *Id.*, pp 456-457. The prosecutor is not required to prove each element of the offense beyond a reasonable doubt. *Id.*, p 457. However, there must be evidence regarding each element of the crime charged or evidence from which the elements may be inferred. *Id.* If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for resolution of the issue by the trier of fact. *Id.*

Defendant was charged with twenty counts of the common-law offense of misconduct in office pursuant to MCL 750.505; MSA 28.773, which provides:

> Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony, punishable by imprisonment in the state prison

not more than 5 years or by a fine of not more than
$10,000.00, or both in the discretion of the court.

To find a defendant guilty of the common-law offense
of misconduct in office, the defendant must be found
to be a "public officer," who, while acting "in the
exercise of the duties of his office or while acting
under color of his office," did "any act which is
wrongful in itself—malfeasance," or did "any other-
wise lawful act in a wrongful manner—misfeasance,"
or failed to "do any act which [was] required of him
by the duties of his office—nonfeasance." Perkins &
Boyce, Criminal Law (3d ed), p 540. It is not disputed
that defendant was a deputy sheriff in Oakland
County at the time of the alleged offenses. Accord-
ingly, the question whether defendant is a public
officer is a question of law that this Court reviews de
novo. *People v Medlyn*, 215 Mich App 338, 340; 544
NW2d 759 (1996).

Misconduct in office applies only to public officers
as distinguished from public employees. See *Radus-
zewski v Superior Court*, 232 A2d 95, 96 (Del, 1967).
In Michigan, in order for a position of public employ-
ment to be considered a public office, five elements
are indispensable: (1) it must be created by the con-
stitution or by the Legislature or created by a munici-
pality or other body through authority conferred by
the Legislature; (2) it must possess a delegation of a
portion of the sovereign power of government, to be
exercised for the benefit of the public; (3) the powers
conferred, and the duties to be discharged, must be
defined, directly or impliedly, by the Legislature or
through legislative authority; (4) the duties must be
performed independently and without control of a
superior power other than the law, unless they be

those of an inferior or subordinate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional. *Meiland v Wayne Probate Judge*, 359 Mich 78, 87; 101 NW2d 336 (1960); *Kent Co Register of Deeds v Kent Co Pension Bd*, 342 Mich 548, 551-552; 70 NW2d 765 (1955). In addition, " '[t]he officer is distinguished from the employee in the greater importance, dignity, and independence of his position; in being required to take an official oath, and perhaps to give an official bond.' " *Meiland, supra*, p 87 (citation omitted).

In *Schultz v Oakland Co*, 187 Mich App 96, 101; 466 NW2d 374 (1991), this Court held that the statute that created the position of deputy sheriff was not intended to create a "public office." This Court noted that an Oakland County deputy sheriff's employment is governed by a collectively bargained labor contract and that a deputy sheriff must answer to authorities other than the law itself. *Id.*; accord *People v Leve*, 309 Mich 557, 565; 16 NW2d 72 (1944) (director of bureau of investigation of Wayne County not a public officer, in part because he did not perform independently and without control of the county board of auditors). Accordingly, this Court held that an Oakland County deputy sheriff is a public employee and not a public official. *Schultz, supra*, p 101.

To the extent that *Medlyn, supra*, can be read to hold that a deputy sheriff is a public official,[1] it conflicts with *Schultz*. When a panel is confronted with

---

[1] This Court in *Medlyn* did not decide this issue. Rather, it stated that, "[t]here is no dispute that defendant was a public officer . . . ." *Medlyn, supra*, p 341.

two conflicting opinions published after November 1, 1990, the panel is obligated to follow the first opinion issued. *Auto-Owners Ins Co v Harvey*, 219 Mich App 466, 473; 556 NW2d 517 (1996); *People v Young*, 212 Mich App 630, 639; 538 NW2d 456 (1995), remanded on other grounds 453 Mich 973 (1996). Accordingly, under Administrative Order No. 1996-4, we are obligated to follow *Schultz*. The circuit court did not err in holding that defendant was not a public officer for purposes of the common-law offense of misconduct in office.

*Schultz* does not contravene *People v Thomas*, 438 Mich 448; 475 NW2d 288 (1991). A decision of the Supreme Court is authoritative with regard to any point decided if the Court's opinion demonstrates application of the judicial mind to the precise question adjudged, regardless of whether it was necessary to decide the question in order to decide the case. *People v Brashier*, 197 Mich App 672, 678; 496 NW2d 385 (1992), affirmed in part and reversed in part on other grounds sub nom *People v Lino*, 447 Mich 567; 527 NW2d 434 (1994). In *Thomas*, a footnote in the majority opinion stated:

> Although this Court has affirmed the quashing of the information regarding the charge of common-law obstruction of justice, the prosecutor is not precluded from moving to amend the information to add an additional count pursuant to MCL 750.505; MSA 28.773 (see, e.g., Perkins & Boyce, Criminal Law [3d ed], p 543, discussion on the common-law offense of misconduct in office). An information may be freely amended, and any amendment not prejudicial to the defendant may be allowed. . . . [*Thomas, supra*, p 458, n 8.]

We believe that the majority opinion in *Thomas* does not demonstrate consideration of the precise

question that is involved in this case. The precise question that the Supreme Court decided was that the prosecution was free to amend the information to add an additional count of a common-law crime. The majority also appeared to *suggest* that the prosecution could add the count of misconduct in office. However, the majority does not otherwise discuss the offense of misconduct in office and did not determine that a police officer fits within the definition of a public official for purposes of that offense.

It was Justice BOYLE's concurring opinion in *Thomas* that specifically discussed the types of offenses that had been prosecuted as misconduct in office and concluded that the "defendant's alleged acts were of a type that could be prosecuted under the common-law offense of misconduct in office." *Id.*, pp 460-461. However, because only two justices signed this concurring opinion, it is not binding on the courts of this state. *Cox v Dearborn Heights*, 210 Mich App 389, 396; 534 NW2d 135 (1995). Accordingly, we do not believe that the Supreme Court's opinion in *Thomas* is authoritative with regard to the issue in this case.

The prosecution argues that other statutes and case law support its position that a sheriff's deputy is a public official. However, both MCL 51.79; MSA 5.870 and MCL 600.5805; MSA 27A.5805 concern tort actions and not the common-law crime with which defendant is charged. Similarly, the fact that police officers may be subject to disciplinary sanctions, see MCL 28.6(3); MSA 4.436(3), or prosecution for statutory offenses, see *People v Bommarito*, 33 Mich App 385; 190 NW2d 359 (1971), does not alter our conclusion. In addition, other cases cited by the prosecution

did not determine whether the position of deputy sheriff is one of public office and are therefore distinguishable. See *Bostatter v Hinchman*, 243 Mich 589; 220 NW 775 (1928); *Tzatzken v Detroit*, 226 Mich 603; 198 NW 214 (1924); *Blynn v Pontiac*, 185 Mich 35; 151 NW 681 (1915); *White v Humbert*, 206 Mich App 459; 522 NW2d 681 (1994), rev'd sub nom *White v Beasley*, 453 Mich 308; 552 NW2d 1 (1996); *Parker v West Bloomfield Twp*, 60 Mich App 583; 231 NW2d 424 (1975).

The dissent's distinction between a "public officer" and a "public official" is inapposite. Whether a person is termed a "public officer" or a "public official" is not crucial. See *People v Freedland*, 308 Mich 449, 453; 14 NW2d 62 (1944). Indeed, Black's Law Dictionary (5th ed), p 978, lists "official" as a synonym for "officer." The question at issue here is whether defendant held a public office. See *Raduszewski, supra,* p 96; Perkins & Boyce, *supra,* p 540. That issue was decided by *Schultz, supra,* p 101.

The dissent also argues that defendant was a command officer who must be considered a public official. It is true that, as a general rule, "a person who exercises the powers and performs the duties of a public officer cannot shield himself from responsibility for criminal offenses committed by him in the official capacity he assumes by asserting that he was an officer de facto." Anno: *De facto status of officer as affecting his criminal responsibility or liability to punishment for contempt*, 64 ALR 534, § I(a). However, for a position to be considered one of public office, " '[i]t must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature . .

. .' " *Meiland, supra,* p 87 (citation omitted); *Kent Co Register of Deeds, supra,* pp 551-552; see also anno: *De jure office as condition of a de facto officer,* 99 ALR 294, § II, p 295 (as a general rule, "the existence of a de jure office is a necessary condition of a de facto officer").

Here, the prosecution baldly asserted that defendant was the de facto police chief in Rochester Hills. However, the prosecution has not provided *any* argument whatsoever that a police chief is a public official. Accordingly, it has not sufficiently briefed this position. *Dresden v Detroit Macomb Hosp Corp,* 218 Mich App 292, 300; 553 NW2d 387 (1996). A party may not leave it to this Court to search for authority to sustain or reject its position. *Magee v Magee,* 218 Mich App 158, 161; 553 NW2d 363 (1996).

Because defendant was not a public official, the circuit court did not abuse its discretion in dismissing the charges of misconduct in office. In light of our disposition, the prosecution's remaining arguments concerning these charges are moot.

II

In Docket No. 190563, the prosecution argues that the circuit court abused its discretion in affirming the district court's dismissal of the charge of destruction of official records. Specifically, the prosecution argues, the circuit court erred in ruling that tally sheets and comp-time slips that defendant allegedly destroyed were not official records. We disagree.

Defendant was charged pursuant to MCL 750.491; MSA 28.759, which provides in pertinent part:

> All official books, papers or records created by or received in any office or agency of the state of Michigan or

its political subdivisions, are declared to be public property, belonging to the people of the state of Michigan. All books, papers or records shall be disposed of only as provided in . . . [MCL 399.5(2); MSA 15.1805(2)].

Any person who shall wilfully carry away, mutilate or destroy any of such books, papers, records or any part of the same, . . . shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years or by a fine of not more than $1,000.00.

The referenced statute, MCL 399.5(2); MSA 15.1805(2), provides in relevant part:

A record that is required to be kept by a public officer in the discharge of duties imposed by law, that is required to be filed in a public office, or that is a memorial of a transaction of a public officer made in the discharge of a duty is the property of this state and shall not be disposed of, mutilated, or destroyed except as provided by law. . . . The directing authority of each state, county, multicounty, school, or municipal agency, department, board, commission, or institution of government shall present to the commission a certified schedule governing disposal of, or a certified list or description of, the records that are useless and of no value to the governmental agency and to its duties to the public.

The issue whether the comp-time slips and tally sheets at issue here are "official records" is an issue of first impression.

The rules of statutory construction are well established. First and foremost, we must give effect to the Legislature's intent. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Id.*

Further, we are to give statutory language its ordinary and generally accepted meaning. *Id.*, pp 135-136.

Here, we conclude that the comp-time slips and tally sheets at issue were not "official records." The official payroll and time records were kept on a computer. The comp-time slips and tally sheets were merely notes or internal memoranda that were kept until the data was entered into the computer. The substation commanders were not required to make or keep these notes. Under these circumstances, we decline to extend the definition of "official record" to encompass such notes. Accordingly, the circuit court did not abuse its discretion in affirming the district court's dismissal of the charge of destruction of official records.

*Penokie v Michigan Technological Univ*, 93 Mich App 650; 287 NW2d 304 (1979), is distinguishable. In that case, the plaintiffs sued to receive the name and salary or wage level of each of the defendant's employees. This Court affirmed the circuit court's finding that the information requested was public information. *Id.*, p 663. The panel in *Penokie* did not hold that any particular salary or attendance document pertaining to the defendant's employees was an official record, or even a public record; it merely held that the information was public. Here, where the records in question were not official payroll records, *Penokie* does not apply.

Affirmed.

GAGE, J., concurred.

MICHAEL J. KELLY, P.J. *(dissenting in part).* These consolidated appeals by the people involve two orders of dismissal involving charges of misconduct

in public office, MCL 750.505; MSA 28.773, and one charge of removal, mutilation, or destruction of public records, MCL 750.491; MSA 28.759. Essential to the charges of misconduct in public office is the question whether the lower courts were bound by precedent from this Court to the effect that a deputy sheriff is not a public officer or public official within the meaning of the common-law offense of misconduct in office, in such a manner that while acting "in the exercise of the duties of his office or while acting under color of his office" he may be charged with having committed wrongful acts constituting malfeasance or misfeasance. Cf. Perkins & Boyce, Criminal Law (3d ed), p 540.

I agree this is a question of law reviewed by this Court de novo. After reviewing the record, I conclude that the district and circuit courts erred as a matter of law in holding that defendant is not a public officer and therefore cannot be charged with misconduct in office. I find that defendant was appropriately charged in two separate indictments with twenty counts of misconduct in office pursuant to MCL 750.505; MSA 28.773:

> Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $10,000.00, or both in the discretion of the court.

In Docket No. 186263, defendant, a captain in the sheriff's office, was a public officer acting in the exercise of his duties when he allegedly misreported overtime hours worked by deputies under his command at the Rochester Hills substation for the purpose of

ingratiating himself with city officials. Likewise, in Docket No. 190563, he was acting under color of his office when he allegedly committed acts for which he was charged with fourteen misconduct claims stemming from the ordering of deputies under his command to drive Mr. L. Brooks Patterson, former Oakland County prosecutor, now county executive, and his wife, and Rudy Lozano, then a member of the Oakland County Road Commission, to various locations or events, activities that were arguably outside the scope of the deputies' duties as law officers.

Both lower courts expressly relied on this Court's holding in *Schultz v Oakland Co*, 187 Mich App 96; 466 NW2d 374 (1991). The parties seem to use the terms "public official" and "public officer" interchangeably. I believe they are not interchangeable. *Schultz* declared generically that an Oakland County deputy sheriff was not a "public official" so as to entitle him to withdraw his resignation before its acceptance was manifested in the public record. *Id.* at 101-102.

The first case considered by the *Schultz* panel was *Solomon v Highland Park Civil Service Comm*, 64 Mich App 433; 236 NW2d 94 (1975), in which this Court found that a city police officer was not a "public official" or "public officer" of the City of Highland Park. *Id.* at 437-438. Another case relied on by the *Schultz* panel was *Burnett v Moore*, 111 Mich App 646; 314 NW2d 458 (1981), which held that a state police trooper was not a "state official" for the purpose of determining jurisdiction of the Court of Claims over a civil action in which the trooper was sued for assault and battery in the course of making an off-duty citizen's arrest. *Id.* at 648-649 The exact

determination is that a state trooper is not a "state official" to be included within the exclusive jurisdiction of the Court of Claims pursuant to MCL 600.6419(1); MSA 27A.6419(1).

I believe the above authorities are well-reasoned, and I have no problem with their conclusions that troopers and deputy sheriffs, being akin to ordinary foot soldiers, are officers who are public employees but not public "officials." However, I do not believe that the above holdings extend to command officers, particularly defendant, who was described by Oakland County Sheriff John Nichols as the *de facto* police chief of Rochester Hills. I suggest an analogy drawn from the military differentiating commissioned officers from ordinary troops. The courts below, though urged to do so, made no differentiation between command officers and noncommand officers.

The *Schultz* panel also considered the Supreme Court's holding in *People v Freedland*, 308 Mich 449; 14 NW2d 62 (1944). *Freedland* set forth guidelines for determining whether a deputy sheriff was a public officer for purposes of applying the criminal bribery statutes. *Id.* at 457-458. I do not believe for purposes of the application of Administrative Order No. 1990-4 and its successors that *Schultz* is controlling authority for the proposition that a deputy sheriff acting as the police chief of an incorporated city with command authority over all administrative and executive functioning employees of that police department is not a public official within the meaning of the five elements set forth by the Michigan Supreme Court in *Freedland, supra* at 557-558. Those elements, which transform a position of public employment into one

of public office with its attendant burdens and responsibilities, are as follows:

> "(1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional." [Citation omitted.]

In *People v Thomas*, 438 Mich 448, 458, n 8; 475 NW2d 288 (1991), then Chief Justice CAVANAGH opined that a police officer who made a false statement about an arrest on a police report could be charged under MCL 750.505; MSA 28.773 with the common-law offense of misconduct in office. See *Thomas*, *supra* at 460 (BOYLE, J., concurring). The parties disagree regarding whether that statement is authoritative or merely dicta. Although probably dicta, it should still be entitled to considerable deference. *People v Brashier*, 197 Mich App 672, 678; 496 NW2d 385 (1992). However, the courts below gave it no deference.

This Court has held, in the context of determining the applicability of the misdemeanor charge of failure to uphold the law, that a police officer may constitute a public official within the scope of MCL 752.11; MSA 28.746(101). See *People v Thomas*, 182 Mich App 225;

452 NW2d 215 (1989). I believe officers, such as defendant, that hold command-level positions are subject to the common-law charges brought for the offense of misconduct in office pursuant to MCL 750.505; MSA 28.773.

I concur with the circuit court's dismissal of the count charging removal or destruction of official records contrary to MCL 750.491; MSA 28.759 in Docket No. 190563 because there is no evidence that the comp-time requests and tally sheets used at the Rochester Hills substation were "official books, papers or records" as contemplated in the statute.

I would reverse and remand for further proceedings requiring redetermination of the propriety of the charges in both cases on the basis of this Court's determination that defendant was not a common-law "public official" within the appropriate meaning of that term for purposes of charging the offense of misconduct in office. With regard to the majority's resolution of the second issue presented in this appeal, I concur.