PEOPLE v CLARK

Docket No. 69888. Submitted January 17, 1984, at Detroit.—Decided April 30, 1984. Leave to appeal applied for.

Cleartry Clark was convicted of two counts of accepting a bribe as a public official of the City of Ecorse, Wayne Circuit Court, Patrick J. Duggan, J. Defendant appealed. *Held:*

1. There was sufficient evidence to find that defendant, in his position as water commissioner, was a public officer.

2. The court sufficiently communicated the essential elements of the crime charged in its instructions to the jury.

Affirmed.

1. Public Officers — Evidence.

In order to make any position of public employment a public office of a civil nature, it is necessary to show that the office was created by the constitution or Legislature or by a municipality pursuant to authority conferred upon it; there is delegated to it a portion of the sovereign power of government to be exercised for the benefit of the public; the powers conferred and duties to be discharged must be defined, directly or impliedly, by the Legislature or through legislative authority; the duties must be performed independently and without control of a superior power other than the law unless placed thereunder by the Legislature; and it have some permanency and continuity and not be only temporary or occasional.

2. Criminal Law — Jury Instructions.

A trial judge has a duty to instruct on the essential elements of the crime charged.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy

References for Points in Headnotes
[1] 63A Am Jur 2d, Public Officers and Employees §§ 27 *et seq.;* 299, 300.
[2] 75 Am Jur 2d, Trial §§ 710, 713.

Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: SHEPHERD, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

SHEPHERD, P.J. On February 3, 1983, defendant was found guilty by a jury in Wayne County Circuit Court of two counts of accepting a bribe as a public official of the City of Ecorse, MCL 750.118; MSA 28.313. Defendant was sentenced on February 28, 1983, to three years probation with the first year to be served in the Detroit House of Correction. Defendant appeals as of right.

Defendant first claims that he could not be convicted under the statute prohibiting bribery of a public official because, in his capacity as Water Commissioner of the City of Ecorse, he was not a public official but, instead, merely an employee.

The statute under which defendant was charged provides:

"Any executive, legislative or judicial officer who shall corruptly accept any gift or gratuity, or any promise to make any gift, or to do any act beneficial to such officer, under an agreement, or with an understanding that his vote, opinion or judgment shall be given in any particular manner, or upon a particular side of any question, cause or proceeding, which is or may be by law brought before him in his official capacity, or that in such capacity, he shall make any particular nomination or appointment, shall forfeit his office, and be forever disqualified to hold any public office, trust or appointment under the constitution or laws of this state, and shall be guilty of a felony, punishable by imprisonment in the state prison not more than ten [10]

* Circuit judge, sitting on the Court of Appeals by assignment.

years, or by fine of not more than five thousand [5,000] dollars." MCL 750.118; MSA 28.313.

MCL 750.125; MSA 28.320 prohibits agents, employees or servants, other than public officials, from requesting or accepting bribes.

The trial court informed the jury that:

"The people charge that between February of 1980 on to about December 11 of 1981, Mr. Clark, while holding office as water commissioner for the City of Ecorse, did accept money and gratuities from an individual by the name of Robert Stelzer, with an understanding that the acceptance of such money would affect his judgment in purchasing certain supplies.

"They also charge that Mr. Clark, between December 11 of '81 and April 1st of '82, while holding the office of water commissioner, did accept money from a Robert Shall with an understanding that that would affect the exercise of his judgment in purchasing certain supplies."

The question before this Court is whether defendant was proven to be a public official and therefore properly convicted under MCL 750.118, or whether he was merely an employee so that MCL 750.125 would have been the applicable statute.

In order to convict under the statute pertaining to bribery of a public officer, the accused must be found to hold a public office. Five elements are relevant in determining whether the accused's position may be deemed a public office:

"(1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by

the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional." *People v Freedland,* 308 Mich 449, 457-458; 14 NW2d 62 (1944), quoting *State ex rel Barney v Hawkins,* 79 Mont 506; 257 P 411 (1927).

The difference between a public officer and a mere employee is discussed in 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1145, pp 80-81:

"The duties of a public officer must be more than those of a mere agent or servant. A public officer must be endowed with authority to use his own discretion. He is distinguished from an employee in the greater importance, dignity and independence of his position and in being required to take an official oath, and sometimes to give an official bond."

The Michigan Supreme Court has decided several cases relevant to the instant case. In *Freedland, supra.,* an account examiner of the Michigan State Sales Tax Division was found to have been improperly charged under MCL 750.118 because he was an employee rather than a public officer. There the Court noted that the defendant was an auditing bookkeeper with limited powers. Any powers exercised by him were performed as an employee of the board of administration. His powers did not emanate from any statute or enabling act; rather, they came directly from the board. Because his position "had neither the dignity nor the discretion usually vested in one holding a public office", he was not properly

charged under the statute prohibiting the accepting of bribes by public officers. *Freedland, supra,* p 458.

Similarly, in *People v Leve,* 309 Mich 557; 16 NW2d 72 (1944), the defendant director of the bureau of investigation who interviewed and investigated prospective indigent patients hospitalized at county expense was properly charged under the predecessor of MCL 750.125, rather then MCL 750.118. His position was created by the county board of auditors and his duties were to ascertain facts and make recommendations. He performed no duties independently and without the control of the board of auditors, had no power to determine policies or enter contracts. Thus, even though he accepted money to recommend that a patient be sent to a particular facility, because he was not a public officer his conviction under the predecessor of MCL 750.118 was reversed.

The following facts are relevant to the determination of whether defendant here was a public official or merely an employee. The position of water commissioner was created by an ordinance. The ordinance specified that defendant would work under the direction and supervision of the city engineer who had general charge of operating the water department. The city engineer testified that the department had operated autonomously and without the direct supervision of the city engineer. The city engineer, in whom the city charter had invested the power of purchase, had and did exercise the authority to approve the ordering of supplies for the water department for a three- or four-month period in 1981. Defendant, however, testified that the Mayor had instructed that that authority be returned to defendant. There was evidence in the city's purchasing agent's testimony

from which the jury could have concluded that the purchasing agent, who actually ordered requisitioned materials from suppliers, acted merely as a rubber stamp in approving orders placed by defendant.

It is our opinion that defendant, in his position as water commissioner, was properly considered a public officer. His position and duties were created by ordinance and he was vested with the authority to use his own discretion. He exercised his judgment in ordering supplies for the water department in his official capacity. We are of the opinion that defendant was properly convicted under MCL 750.118; MSA 28.313.

Defendant next claims that there were errors in the jury instructions on the charged offense. Prior to closing arguments, the trial judge notified counsel that he would give the following instruction with regard to the substantive offense:

"With regard to the substantive offense, the court will give the following instruction: The defendant is charged with the crime of acceptance of a bribe by a public officer. The defendant pleads not guilty to this charge. To establish this charge, the prosecution must prove each of the following elements beyond a reasonable doubt. First, that the defendant was an executive officer. Two, second, that he accepted a gift or gratuity. Third, that the gift or gratuity was made under an agreement or with an understanding that the defendant, in his official capacity would exercise his judgment in a particular manner."

Defendant did not object at that time nor did he object when the instruction was actually given.

Alleged instructional errors will not be reviewed on appeal if there has been no objection at trial unless manifest injustice is shown. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977). The trial

judge has a duty to instruct the jury on the elements of the offense. *People v Liggett,* 378 Mich 706; 148 NW2d 784 (1967).

While the trial judge did not repeat the exact language of the crime as defined in the statute, we believe that the instructions given communicated the essential elements of the crime. The jury was instructed that they must find defendant to have been an executive officer for the city and that the defendant, in his official capacity, had agreed to exercise his judgment in a particular manner. The idea that the "question, cause or proceeding" which was the subject of the bribe was one that "may be by law brought before him in his official capacity" was communicated in the third element of the instructions given. Defendant neither requested an instruction on the offense nor objected to the charge as given. It is our opinion that no reversible error was committed in the trial court's instructions to the jury.

Defendant argues that the court erred in denying his motion for a directed verdict of acquittal. This motion was based upon defendant's argument that the prosecution did not establish that there was any authority on defendant's part to make purchases. Since we have directed our attention to this argument already, we need only say that the position of the defendant on this issue lacks merit.

Defendant further argues that in closing argument the prosecutor expressed her personal opinion on the credibility of witnesses, adverted to facts as of her own personal knowledge which were not part of the record, misrepresented the facts and the law to the jury, and shifted the burden of proof onto the defendant. Defendant argues that he was prejudiced by the prosecutor's several breaches of the rules of prosecutorial pro-

priety and that therefore defendant's failure to object at trial to such conduct should not bar appellate review. We have carefully reviewed the record and find that there was no such prosecutorial misconduct.

Affirmed.