KENT COUNTY REGISTER OF DEEDS *v.* KENT COUNTY
PENSION BOARD.

1. OFFICERS—ESSENTIALS OF PUBLIC OFFICE.

In order to make any position of public employment a public
office of a civil nature, it is necessary to show the office was
created by the Constitution or legislature or by a municipality
pursuant to authority conferred upon it; there is delegated
to it a portion of the sovereign power of government to be
exercised for the benefit of the public; the powers conferred
and duties to be discharged must be defined, directly or im-
pliedly, by the legislature or through legislative authority;
the duties must be performed independently and without
control of a superior power other than the law unless placed
thereunder by the legislature; and that it have some perman-
ency and continuity and not be only temporary or occasional.

2. SAME—EMPLOYEES—OATHS—BONDS.

A public officer is distinguished from a public employee in the
greater importance, dignity and independence of his position;
in being required to take an official oath, and perhaps to give
an official bond.

3. SAME—DEPUTY REGISTER OF DEEDS.

The position of deputy register of deeds meets the established
criteria for a public office, since it is a subordinate office
created by the legislature; the incumbent in certain contin-
gencies may act as register of deeds, an office beneficial to
the public; the duties and powers exercised are derived
directly from legislative direction and not from the orders
of the register; although tenure of the incumbent is at the
pleasure of the register, the office cannot be abolished except

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur, Public Officers § 2.
[2] 42 Am Jur, Public Officers §§ 12, 13.
[3] See, generally, 42 Am Jur, Public Officers § 15 *et seq.*
[4] 43 Am Jur, Public Officers §§ 462–464.
[7] See, generally, 14 Am Jur, Costs § 29 *et seq.*, § 91.

by the legislature; and the incumbent is required to be appointed and is required to take the constitutional oath of office (CL 1948, §§ 53.91, 53.92).

4. Same—Deputies.

Deputy officers may execute documents in their own names and with the same official force and effect as if done in the name of the principal.

5. Same—Statutes—Deputies.

Provision of statute requiring the register of deeds to appoint a single deputy and requiring the latter to perform the duties of register during a continuance of a vacancy in such office was not superseded by a later statute authorizing the register of deeds and 2 other county officers in certain counties to appoint 1 or more deputies so as to subject a duly appointed single deputy to jurisdiction of county pension board (CL 1948, §§ 45.41, 53.91, 53.92).

6. Same—Deputy Register of Deeds—Age—County Pension System—Statutes.

Deputy register of deeds who was not eligible, because of age, to become a member of county pension system was not subject to retirement by the pension board, since he was an appointed officer and such were specifically excepted by statute from being required to retire by the board of supervisors (CL 1948, §§ 46.12a, 53.91, 53.92).

7. Costs—Public Question—Officers—Deputies—Statutes.

No costs are allowed in suit for declaration of rights, filed by register of deeds and his deputy against county pension board to determine whether latter had authority to retire the deputy, a public question being involved (CL 1948, §§ 45.41, 46.12a, 53.91, 53.92).

Appeal from Kent; Souter (Dale), Verdier (Leonard D.), and Searl (Fred N.), JJ., sitting *en banc.* Submitted April 14, 1955. (Docket No. 73, Calendar No. 46,370.) Decided June 6, 1955.

Bill by Jay M. Dosker, Register of Deeds, and Edward DeRuiter, deputy, against Leonard Andrus and others, as members of the Kent County Pension Board, for declaratory decree to determine the right

of the board to retire plaintiff deputy. Decree for plaintiffs. Defendants appeal. Affirmed.

*Uhl, Bryant, Slawson & Wheeler,* for plaintiffs.

*Stuart Hoffius,* Prosecuting Attorney, and *Joseph A. Renihan,* Deputy Prosecuting Attorney, for defendants.

BUTZEL, J. Jay M. Dosker and Edward DeRuiter, respectively, register of deeds and deputy register of deeds for Kent county, Michigan, as plaintiffs, filed a petition for a declaration of rights against Leonard Andrus, *et al.,* as members of the Kent county pension board, to determine whether the latter has a right to retire DeRuiter from his position as deputy register of deeds. DeRuiter was appointed in accordance with sections 91 and 92 of RS 1846, ch 14 (CL 1948, §§ 53.91, 53.92 [Stat Ann §§ 5.983, 5.984]), which state:

"The register of deeds *shall* appoint a deputy, to hold his office during the pleasure of the register; such appointment and the revocation thereof to be in writing, and filed in the office of the county clerk; and before such deputy shall enter upon the duties of his office, he shall take the oath prescribed by the twelfth article of the Constitution,* and for the faithful performance of his duties by such deputy the register and his sureties shall be responsible.

"In case of a vacancy in the office of the register of deeds, or his absence or inability to perform the duties of his office, such deputy *shall* perform the duties of register during the continuance of such vacancy or disability." (Emphasis supplied.)

Defendant members of Kent county pension board insist upon their right to retire him in accordance

---

* This reference is to Const 1835, art 12, § 1. The comparable provision in the present Constitution is Const 1908, art 16, § 2.— REPORTER.

with their pension and retirement plan. DeRuiter, over 65 years of age when appointed, is not a member of the plan.

The statute, CL 1948, § 46.12a (Stat Ann 1947 Cum Supp § 5.333[1]), pursuant to which the plan was adopted, was amended by PA 1949, No 201, to provide that:

". "In any county pension or retirement plan adopted under the provisions of this section, the board of supervisors may require that all county employees, except elected or appointed officials, be retired from county service upon attaining an age designated in said plan which shall not be less than 65 years of age."

Pursuant to this provision the Kent county board of supervisors enacted the following as part of their plan:

."Any eligible employee, except an elected or appointed official, who is not a member of this retirement plan will retire from county service on the first day of the month after reaching normal retirement age. Said retirement shall be without the benefits provided in this plan and said employee shall not become a pensioner."

It will be noted that elected or appointed officials are distinctly excepted. The sole issue in this case is whether or not the deputy register of deeds is a public official. The 3 judges of the Kent county circuit court, sitting *en banc,* held that he was and decreed that he could not be retired by defendants.

The indicia of public office are set forth in *People* v. *Freedland,* 308 Mich 449, 457, 458, where we adopted and stated the following:

"After an exhaustive examination of the authorities, we hold that 5 elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1)It must be cre-

ated by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, or not be only temporary or occasional.   *   *   *

"In *People, ex rel. Throop,* v. *Landon,* 40 Mich 673, 682, Mr. Justice COOLEY said:

" 'The officer is distinguished from the employee in the greater importance, dignity and independence of his position; in being required to take an official oath, and perhaps to give an official bond.' "

See, also, 53 ALR 595; 93 ALR 333; 140 ALR 1076.

We find that the office of deputy register of deeds was thus created by the legislature; that in certain contingencies he is to act as register of deeds, which office is without question beneficial to the public; that the duties and powers exercised are derived directly from legislative direction and not from the orders of the register; that it is a subordinate office created by the legislature; that while the tenure of the particular incumbent is at the pleasure of the register, the office cannot be abolished except by legislative action; and that he is required to take the constitutional oath. The deputy register of deeds is in the position of acting at times designated as the alter ego of the register of deeds. In addition, we have held that deputy officers may execute documents in their own names with the same official force and

effect as if done in the name of the principal. See *Westbrook* v. *Miller,* 56 Mich 148; *People* v. *Johr,* 22 Mich 461. We hold that the position of deputy register of deeds meets the established criteria for a public office.

In other jurisdictions under similar authorizing statutes deputies have been held to be public officials. *Fuchs* v. *Weibert,* 233 Ill App 536 (deputy county recorder); *Wells* v. *State, ex rel. Peden,* 175 Ind 380 (94 NE 321, Ann Cas 1913C, 86) (deputy county auditor); *Southern Surety Co.* v. *Kinney,* 74 Ind App 205 (127 NE 575) (deputy county treasurer); *Donges* v. *Beall* (Texas Civ App), 41 SW2d 531 (deputy county clerk); *Oklahoma City* v. *Century Indemnity Co.,* 178 Okla 212 (62 P2d 94) (deputy city clerk); see 43 Am Jur, Public Officers, § 462, p 220.

Appellants cite CL 1948, § 45.41 (Stat Ann § 5.1131), which provides:

"In all counties of this State having a population of more than 50,000 where it is provided by law that the county treasurer, county clerk and register of deeds shall receive salaries in lieu of fees, each of said officers may appoint a deputy or deputies who may perform all the official acts which the officer making the appointment might legally do, and who shall be paid therefor from the general fund of the county, such salaries as the board of supervisors of the county shall determine."

From this statute appellants argue that:

"This statute places the deputies appointed by the county treasurer, the county clerk and the register of deeds on a similar basis.  *  *  *  Defendants believe that the legislature would have all these 'appointees' subject to retirement, for to hold otherwise would place the legislature in the untenable position of authorizing a retirement plan for a group of employees of the county, most of whom would not be subject to retirement."

We cannot agree. Appellants offer no facts in support of their contention. It should be noted that the statute is one of limited application and of its own terms applies to less than 1/4 of Michigan's 83 counties. The statute is permissive whereas the one under which plaintiff was appointed is mandatory. There are also other specific provisions for the appointment of deputies by the other 2 officers named, the county clerk and the county treasurer. CL 1948, § 48.37 (Stat Ann § 5.683); CL 1948, § 50.63 (Stat Ann § 5.833). Apparently the purpose of this later statute was to provide for the appointment of additional deputies in areas where circumstances demanded it. We do not pass upon whether those appointed under such statute may be considered public officials. We are here dealing with a single deputy appointed under the mandatory statute.

It will be noted that the enabling statute states that any plan adopted thereunder may require that *all* county employees, except elected or appointed officials, may be retired. Assuming this to mean that a county employee who is not a member of the plan adopted may still be retired, the Kent county plan was amended to provide that an *eligible* employee, except an elected or appointed official, who is not a member of the plan, can be retired. It is stipulated that DeRuiter is not eligible for the plan. Appellants argue that the provisions of the enabling statute allow them to retire DeRuiter, even though the provisions of their particular plan do not. However, even assuming that appellants are correct in their contention, and we do not here decide it, we are again faced with the issue of whether or not DeRuiter is an appointed official.

Unless and until there is a different expression by the legislature we believe that DeRuiter, deputy register of deeds for Kent county, is an appointed

officer and that the lower court in so holding was correct.

Affirmed without costs, a public question being involved.

Carr, C. J., and Smith, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.