RAVEN v BOARD OF COMMISSIONERS OF WAYNE COUNTY

1. COUNTIES—OFFICERS—DEPUTY MEDICAL EXAMINER—CIVIL SERVICE SYSTEM.

 The position of Wayne County deputy medical examiner is not exempt from the classified civil service under the state statutes and Wayne County Civil Service Commission Rules and Regulations and therefore carries a classified status (MCLA 38.410, 38.412, Wayne County Civil Service Commission Rules and Regulations § 10 and Rule 3).

2. COUNTIES—CIVIL SERVICE SYSTEM—RETIREMENT SYSTEM—MANDATORY RETIREMENT.

 A county retirement system in a county having a civil service system may use the civil service job classifications to determine those positions which are subject to or exempt from mandatory retirement.

3. COUNTIES—OFFICERS—DEPUTY MEDICAL EXAMINER—CIVIL SERVICE SYSTEM.

 Appointment and removal of the deputy county medical examiner in a county with a civil service system shall be in accordance with the provisions of the county civil service system (MCLA 52.201).

Appeal from Wayne, Montague R. Hunt, J. Submitted Division 1 January 8, 1974, at Detroit. (Docket No. 14232.) Decided March 26, 1974. Leave to appeal granted, 392 Mich 773.

Complaint by Clara Raven, M. D., against the Wayne County Board of Commissioners and the Wayne County Board of Trustees of the Wayne County Employees' Retirement System for a declaratory judgment concerning mandatory retire-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 15 Am Jur 2d, Civil Service §§ 12, 15.
[2] 60 Am Jur 2d, Pensions and Retirement Funds §§ 39-45.

ment. Judgment for defendants. Plaintiff appeals. Affirmed.

*Harold Helper,* for plaintiff.

*Aloysius J. Suchy,* Corporation Counsel, and *David R. Kaplan,* Assistant Corporation Counsel, for defendants.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA, JJ.

J. H. GILLIS, J. Plaintiff Clara Raven, M. D., former Wayne County Deputy Chief Medical Examiner, appeals the trial court judgment for defendants. The trial court found her a classified employee subject to mandatory retirement, and not, as she contended, exempt therefrom as an appointed official.

Previously, this Court reversed summary judgment for defendants on plaintiff's complaint for declaratory judgment and injunctive relief. The Court found the deputy chief medical examiner was an appointed public official according to criteria enunciated in *Kent County Register of Deeds v Kent County Pension Board,* 342 Mich 548; 70 NW2d 765 (1955). However, it ruled summary judgment improper because a cited statute governing removal of deputy county medical examiners in counties having civil service systems was not considered. MCLA 52.201(d)(f); MSA 5.953(1d) (1f). *Raven v Board of Commissioners of Wayne County,* 32 Mich App 4; 188 NW2d 197, *leave denied* 385 Mich 765 (1971).

MCLA 52.201 *et seq.;* MSA 5.953 *et seq.,* states in relevant part:

"In counties having a civil service system, the ap-

pointment and tenure of the medical examiner shall be made in accordance with the provisions thereof.

\* \* \*

"In counties having a civil service system, the county medical examiner shall appoint the deputy medical examiners, whose appointment shall be in accordance with the provisions of the county civil service system.

\* \* \*

"In counties having a civil service system, *the removal of the county medical examiner and the deputy medical examiners shall be made in accordance with the provisions of the civil service system."* (Emphasis supplied.)

*Kent, supra,* is distinguishable from the instant case because of the reference to and applicability of civil service law. The issue, well stated by the trial court, is whether a civil service classification can be used in the implementation of a retirement ordinance in the mandatory retirement of an appointed public official.

MCLA 38.412; MSA 5.1191(12), empowers the county civil service commission to:

"Classify all the offices and positions of employment with reference to the examinations herein provided for, *excepting as herein otherwise provided."* (Emphasis supplied.)

MCLA 38.410(a); MSA 5.1191(10)(a), and the Wayne County Civil Service Commission Rules and Regulations § 10, provide that unclassified service includes nine enumerated positions, among which deputy county medical examiner is neither expressly nor impliedly included. MCLA 38.410(b); MSA 5.1191(10)(b), provides:

"The classified service comprises all positions not specifically included by this act in the unclassified service."

Wayne County Civil Service Commission, Rule 3,

specifies those positions with particularity within Wayne County which are included within the unclassified service. Neither the deputy county medical examiner nor the medical examiner are enumerated therein. Indeed, plaintiff has never disputed her classified status.

Retirement Ordinance Enabling Act, MCLA 46.12(a); MSA 5.333(1), states:

"In any county pension or retirement plan adopted under the provisions of this section, the board of supervisors may require that all county employees, *except elected or appointed officials,* be retired from county service * * * ."

Further,

"Whenever any county shall adopt and establish a plan for the payment of pensions and retirement benefits to its employees, pursuant to the provisions of this section, the board of supervisors of that county shall have the authority to provide for a board of trustees to administer the plan and for the manner of election or appointment of the members of said board of trustees. The board of supervisors is hereby authorized to grant authority to said *board of trustees to fully administer and operate said plan* and to deposit, invest and reinvest the funds and reserves thereof within the limitations prescribed by the board of supervisors in said plan." (Emphasis supplied.)

The Retirement Board of Trustees, as empowered, uses the civil service classification rules to determine whether an employee is an "appointed official." The civil service law applies to petitioner and the long-standing policy of the Retirement Board of Trustees carries great weight.

The Wayne County Retirement System may use civil service classifications to implement the retirement ordinance. Since the inception of the Act, the Board of Trustees of the Retirement System has relied on the Wayne County Civil Service job

classification system to determine those positions subject to and exempt from mandatory retirement.

"We have in this state a rule of statutory construction which—for this case—will bear repeating. It is that a long continued construction, given a long-standing statute by executive officers charged with its execution and administration (no one meanwhile having questioned such construction so far as our reports disclose), is entitled to most respectful consideration and will not be overruled without cogent reasons." *People v Holbrook,* 373 Mich 94, 99 (BLACK, J., dissenting); 128 NW2d 484 (1964), cited in *Magreta v Ambassador Steel,* 380 Mich 513, 521 (BLACK, J., concurring); 158 NW2d 473 (1968).

See also, *Magreta v Ambassador Steel, supra,* 519; *Boyer-Campbell Co v Fry,* 271 Mich 282; 260 NW 165 (1935).

The County Medical Examiner Act, *supra,* makes appointment and removal of the deputy county medical examiner subject to the county civil service. The Civil Service Act is intimately related to the job classification and to general policy uniformly practiced by the Retirement Board. Clearly, every person included in the Wayne County Civil Service system is either appointed or elected to his position. To adopt plaintiff's construction, it appears to us, would nullify the Wayne County Retirement System's statutorily conferred powers, and the clear intent of the County Medical Examiner Act, in making removal of the deputy county medical examiner subject to civil service.

Affirmed. No costs, a public question being involved.

All concurred.