AUTO CLUB INSURANCE ASSOCIATION v COMMISSIONER OF
INSURANCE

Docket No. 81555. Submitted June 12, 1985, at Detroit.—Decided July
29, 1985.

The Auto Club Insurance Association filed an insurance form
with the Commissioner of Insurance, seeking approval of the
form for use with its auto insurance policies. The form would
authorize a refund of a portion of prepaid premiums to all or
some of Auto Club's customers based on the successful results
obtained in specific territories or by certain classes of insureds.
The form was disapproved by a Special Deputy Insurance
Commissioner on the grounds that it was ambiguous, mislead-
ing, and had the potential of violating the territorial base rate
restraints of the auto insurance act. Auto Club requested an
administrative hearing on the disapproval of the form. Follow-
ing the hearing, the hearing officer recommended disapproval
of the form. The Commissioner of Insurance then issued a final
decision disapproving the form. Auto Club sought judicial re-
view in Wayne Circuit Court, which affirmed the commission-
er's ruling disallowing the use of the form, Richard C. Kauf-
man, J. Auto Club appealed. *Held:*

1. To allow Auto Club to return a portion of the premium to
insureds on the basis of territorial success rates would circum-

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Administrative Law § 549.
See the annotations in the ALR3d/4th Quick Index under Adminis-
trative Law.
[2, 5, 6] Am Jur 2d, Administrative Law § 539 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Adminis-
trative Law § 4.
[3] Am Jur 2d, Administrative Law §§ 634, 644.
[4] Am Jur 2d, Administrative Law § 233 *et seq.*
Federal administrative orders as subject to judicial review where
such orders are "capable of repetition, yet evading review". 66
ALR Fed 285.
[7] Am Jur 2d, Statutes § 142 *et seq.*
[8] Am Jur 2d, Insurance §§ 828-832.
See the annotations in the ALR3d/4th Quick Index under Insur-
ance § 5.

vent the variance restraints imposed and would further the inequities sought to be prevented by the restraints.

2. The commissioner properly construed the territorial base rate statute so as to identify and give effect to the intent of the Legislature.

3. The commissioner's interpretation of the auto insurance act was not affected by a substantial or material error of law.

Affirmed.

1. INSURANCE — INSURANCE FORMS — APPEAL — ADMINISTRATIVE PROCEDURES ACT.

A decision by the Commissioner of Insurance to deny approval for use of a form submitted by an insurer for the commissioner's approval is subject to the standard of review of agency decisions set forth in the Administrative Procedures Act; if the decision is otherwise valid and is supported by competent, material and substantial evidence on the whole record, it must be upheld by the reviewing court (MCL 24.306; MSA 3.560[206]).

2. ADMINISTRATIVE LAW — APPEAL.

The Court of Appeals reviews the whole record when dealing with an appeal brought under the Administrative Procedures Act; it may not, however, substitute its judgment for that of an agency by displacing the agency's choice between two reasonably differing views.

3. ADMINISTRATIVE LAW — CONSTITUTIONAL LAW — APPEAL.

The constitutional provision for review of rulings and orders of administrative officers or agencies neither guarantees nor permits *de novo* review of final decisions of agencies as the scope of review is that stated by the constitution, "whether the same are supported by competent, material and substantial evidence on the whole record" (Const 1963, art 6, § 28).

4. ADMINISTRATIVE LAW — JUDICIAL CONSTRUCTION — APPEAL.

The construction placed upon a statute by the agency legislatively chosen to administer it is entitled to great weight and should not be overruled by a court without the most cogent of reasons.

5. ADMINISTRATIVE LAW — APPEAL.

A circuit court reviewing the determination of an administrative agency should reverse the agency's decision only if the decision or order: (a) violates the constitution or a statute, (b) exceeds the agency's authority or jurisdiction, (c) was made upon unlawful procedure, (d) is not supported by competent, material,

or substantial evidence, (e) was arbitrary or capricious, or an abuse of discretion, or (f) is affected by any other substantial or material error of law (MCL 24.306; MSA 3.560[206]).

6. ADMINISTRATIVE LAW — APPEAL.

The Court of Appeals reviews a decision of an administrative agency in the same limited manner as a circuit court where a decision of an agency is first appealed to the circuit court and then the circuit court's ruling is appealed to the Court of Appeals; because the appeal to the circuit court is not *de novo*, the Court of Appeals need not find the reviewing court's opinion clearly erroneous in order to reverse the decision.

7. STATUTES — JUDICIAL CONSTRUCTION.

The fundamental goal of statutory construction is to identify and give effect to the intent of the Legislature.

8. INSURANCE — AUTOMOBILE INSURANCE — TERRITORIAL BASE RATES.

The purpose of the statute setting forth territorial base rates for automobile insurers is to prevent the pricing of insurance based on arbitrary groupings by insurance companies and on factors over which individuals have no control; it is the policy of the statute that when all other classifications are equal, individual insureds are not to be discriminated against on the basis of where they live (MCL 500.2111[5]; MSA 24.12111[5]).

*William H. Morman,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Philip J. Smith,* Assistants Attorney General, for respondent.

Before: DANHOF, C.J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM. Petitioner appeals as of right from a Wayne County Circuit Court order which affirmed a decision of the Commissioner of Insurance disapproving petitioner's proposed insurance form.

On August 8, 1983, pursuant to MCL 500.2236; MSA 24.12236, petitioner filed an insurance form with the Commissioner of Insurance, seeking ap-

proval of the form for use with its auto insurance policies. The "Return of Premium Deposit" form would authorize petitioner's Board of Governors to refund a portion of prepaid auto insurance premiums to all or some of its customers based on the successful results obtained in specific territories or by certain classes of insureds. On August 23, 1983, Special Deputy Insurance Commissioner Ronald Hempstead disapproved the form on the grounds that it was ambiguous, misleading, and had the potential of violating the territorial base rate restraints of the auto insurance act, MCL 500.2111(5)(b) and (c); MSA 24.12111(5)(b) and (c).

Pursuant to MCL 500.2236(4); MSA 24.12236(4), petitioner requested a hearing, which was held on February 15, 1984. Hearing officer Renee A. Russell issued a proposed decision recommending disapproval of the form. On June 15, 1984, the commissioner issued a final decision adopting the hearing officer's recommendation. Wayne County Circuit Court Judge Richard C. Kaufman issued an order affirming the decision on October 24, 1984.

The petitioner-appellant asks whether the appellant's "Return of Premium Deposit" endorsement form should be disapproved by the appellee on the ground that it could be applied in violation of the territorial base rate requirements of MCL 500.2111(5)(b) and/or MCL 500.2111(5)(c) of the insurance act.

The Michigan Administrative Procedures Act, MCL 24.306; MSA 3.560(206), which governs agency procedures and appeals from agency decisions, provides:

"Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been preju-

diced because the decision or order is any of the following:

\* \* \*

"(d) Not supported by competent, material and substantial evidence on the whole record." (Emphasis added.)

If the commissioner's decision is supported by competent, material and substantial evidence on the whole record, it must be upheld, *MERC v Detroit Symphony Orchestra,* 393 Mich 116, 124; 223 NW2d 283 (1974).

The standard of appellate review set forth in the Administrative Procedures Act comports with the minimum constitutional scope of judicial review (of administrative decisions) as set forth in Const 1963, art 6, § 28:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

See *MERC v Detroit Symphony Orchestra, supra,* p 121.

This Court reviews the whole record. The Court may not, however, substitute its judgment for that of the agency by "displacing an agency's choice between two reasonably differing views". *MERC v Detroit Symphony Orchestra, supra,* p 124.

In *Viculin v Dep't of Civil Service,* 386 Mich 375, 392; 192 NW2d 449 (1971), the Supreme Court held:

"2. *Art 6, § 28, neither guarantees nor permits de novo review of final decisions * * *. The scope of review is that stated by the constitution, 'whether the same are supported by competent, material and substantial evidence on the whole record.'*" (Emphasis added.)

The Commissioner of Insurance, as chief officer of the Insurance Bureau, MCL 500.202(1); MSA 24.1202(1), is statutorily charged with the enforcement of the insurance laws of this state. MCL 500.200; MSA 24.1200. The commissioner must effectuate the purposes and execute and enforce the provisions of the insurance laws. MCL 500.210; MSA 24.1210.

"[T]he construction placed upon a statute by the agency legislatively chosen to administer it is entitled to great weight." *Davis v River Rouge Bd of Ed,* 406 Mich 486, 490; 280 NW2d 453, 454 (1979), citing *Magreta v Ambassador Steel Co (On Rehearing),* 380 Mich 513, 519; 158 NW2d 473 (1968). Accord, *Federal Election Comm v Democratic Senatorial Campaign Committee,* 454 US 27, 39; 102 S Ct 38, 46; 70 L Ed 2d 23, 34 (1981):

"[T]he task for the Court of Appeals was not to interpret the statute as it thought best but rather the narrower inquiry into whether the Commission's construction was 'sufficiently reasonable' to be accepted by a reviewing court."

In *Town & Country Dodge, Inc v Dep't of Treasury,* 118 Mich App 778, 789; 325 NW2d 577 (1982), *aff'd* 420 Mich 226 (1984), this Court has stated:

"Although appellate tribunals are not bound by an administrative body's interpretation of statutes falling within its powers to administer, *Lorraine Cab v Detroit,* 357 Mich 379, 384; 98 NW2d 607 (1959), administrative

interpretation given a statute over a period of years is entitled to great weight, *Wyandotte Bank v Banking Comm'r,* 347 Mich 33, 48; 78 NW2d 612 (1956), and should not be overruled without the most cogent of reasons. *Raven v Wayne County Bd of Comm'rs,* 52 Mich App 196, 200; 217 NW2d 116 (1974)."

Since the commissioner's construction of the statute is reasonable, it must not be rejected simply because this Court might prefer another construction.

The commissioner's decision disapproving petitioner's proposed insurance form was first appealed to Wayne County Circuit Court. In reviewing the decision, the circuit court could only reverse if the decision: (a) violated the constitution or a statute; (b) exceeded the commissioner's authority or jurisdiction; (c) was made upon unlawful procedure resulting in material prejudice to a party; (d) was not supported by competent, material or substantial evidence; (e) was arbitrary, capricious, or an abuse of discretion; or (f) was affected by any other substantial or material error of law. MCL 24.306; MSA 3.560(206). Because the appeal to the circuit court was not *de novo,* this Court need not consider whether the circuit court's ruling was clearly erroneous. *General Motors Corp v Bureau of Safety & Regulation,* 133 Mich App 284; 349 NW2d 157 (1984); *Longo v McIlmurray,* 115 Mich App 479; 321 NW2d 701 (1982), *lv den* 417 Mich 899 (1983). Because the essence of the case is the commissioner's interpretation of the auto insurance territorial base rate statute, this Court's review is limited to the question of whether that interpretation was affected by a substantial or material error of law, *General Motors Corp, supra,* and if it was supported by competent, material and substantial evidence on the whole record.

In the instant case, the commissioner determined that the Return of Premium Deposit (RPD) form could result in a violation of the "territorial base rate" provisions of the auto insurance statute, MCL 500.2111(5); MSA 24.12111(5):

"(5) Notwithstanding other provisions of this chapter, automobile insurance risks shall be grouped by territory, and territorial base rates for coverages shall be established as follows:

"(a) An insurer shall not be limited as to the number of territories employed in its rating plan. However, an insurer shall not employ more than 20 different territorial base rates for an automobile insurance coverage. A territorial base rate may be made applicable in 1 or more territories contained in the rating plan of the insurer.

"(b) An insurer shall not employ a territorial base rate for an automobile insurance package policy that is less than 45% of the highest territorial base rate for the same policy, all other rating classifications being the same.

"(c) An insurer shall not employ a territorial base rate in a territory for an automobile insurance package policy that is less than 90% of the territorial base rate employed in any adjacent territory for the same policy, all other rating classifications being the same."

Although the commissioner found insufficient evidence that use of the form could result in a violation of subsection (a), he concluded that one of the intended uses of the form could result in a premium variance in violation of subsections (b) and (c).

It was established at the hearing that petitioner intended to use the form as a reward for its customers. The RPD would be paid within the discretion of petitioner's Board of Governors to all of its insureds or to certain groups of its insureds, based on their classification or the territory in

which they were located. For example, petitioner could make a retroactive adjustment of premiums paid where actual results established that a certain classification of insureds had successful driving records during the particular period of time. Petitioner also could reward its insureds within a certain territory if the territory as a whole had a successful loss rate.

The commissioner determined that the proposed payment of an RPD based on territorial results would violate MCL 500.2111(5) because it would be possible for the territorial base rate for one territory to be lowered in excess of that permitted by statute.

The problem lies in how MCL 500.2111(5) is interpreted. Petitioner argues that the variance restrictions apply only to the territorial base rate, that is, the starting point at which the total cost of insurance is figured. Respondent, however, argues that although § 2111 only speaks of the territorial base rate, the Legislature intended the territorial variance restrictions to apply to the premium paid, that is, the total cost of insurance. The issue is whether the variance restraint applies to the territorial base rate only or whether it applies to the total cost of insurance.

As above noted, the fundamental goal of statutory construction is to identify and give effect to the intent of the Legislature. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977), *reh den* 400 Mich 1029 (1977).

We find that the purpose of the territorial base restraint is to prevent the pricing of insurance based on arbitrary groupings by insurance companies and on factors over which individuals have no control. The purpose of the territorial base rate restraint would not be furthered by the conclusion

that the variance restraint can be ignored once the territorial base rate is determined. It is clearly the policy of this statute that when all other classifications are equal, individual insureds are not to be discriminated against on the basis of where they live. The statute already allows the insurer to consider, to a certain extent, where the insured lives. To allow petitioner to return a portion of the premium to an insured on the basis of territorial success rates would circumvent the variance restraints imposed and would further the inequities sought to be prevented.

We do feel that the insurance commission would reward *individuals, no matter where they lived,* with rate reductions or rebates where they have exhibited a degree of care that has substantially reduced the insurers' risk and the experience evaluation on that individual's record clearly warrants some sort of consideration without running in the face of the territorial base rate act.

We further find that the commissioner properly construed the statute so as to identify and give effect to the intent of the Legislature. Approval of the payment of an RPD on the basis of territorial success would indirectly allow petitioner and other insurers to base the price of insurance on where the insureds live, over and above that contemplated by statute. In disapproving petitioner's insurance form, the commissioner's interpretation of the auto insurance act was not affected by a substantial or material error of law.

Accordingly, the Wayne County Circuit Court order affirming the decision of the Commissioner of Insurance is affirmed. No costs, since the interpretation of a statute is involved.