SELIGMAN & ASSOCIATES, INC v MICHIGAN EMPLOYMENT
SECURITY COMMISSION

Docket No. 85110. Submitted June 18, 1986, at Detroit. Decided May
6, 1987.

Seligman & Associates, Inc., an operator of apartment complexes
and employer of caretakers who reside rent-free at the apart-
ment complexes, was issued a notice of assessment by the
Michigan Employment Security Commission in the amount of
$18,477.87, reflecting the value of lodging provided by Seligman
to its caretakers. Seligman protested the assessment, but the
MESC upon a redetermination affirmed the notice of assessment.
An MESC hearing referee affirmed the notice of assessment in a
subsequent appeal. On appeal to the Oakland Circuit Court, the
court, Hilda R. Gage, J., reversed the hearing referee's decision
and ordered the MESC to refund certain contributions paid by
Seligman. The MESC appealed and Seligman cross-appealed,
claiming it is entitled to interest on the contributions refunded.

The Court of Appeals *held:*

1. The reasonable cash value of lodging provided by an
employer to its employee may be deemed to be wages for
purposes of computing the employer's contribution due under
the Michigan Employment Security Act only where such lodg-
ing is extended as partial or entire remuneration for services
rendered. The record in this case disclosed that the lodging
provided by Seligman to its caretakers was solely for Selig-
man's convenience and was not extended as remuneration for
services rendered.

2. Seligman, by failing to raise at the administrative proceed-
ings below the issue of interest on refunded contributions, did
not preserve the issue for appellate review.

Affirmed.

WAHLS, J., dissented. He would hold that lodging provided by
an employer to its employee, regardless of whether such lodg-
ing is provided for the employer's convenience, fits the defini-

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 21, 22, 93, 94.

Exclusion of meals and lodging from gross income under "conve-
nience of the employer" rule. 84 ALR2d 1215.

tion of wages under the Michigan Employment Security Act, and had the Legislature intended to exclude lodging provided for the convenience of an employer from being considered as wages for purposes of the act it would have expressly done so as it did in excluding compensation for agricultural and domestic services. Judge WAHLS would reverse the trial court.

1. UNEMPLOYMENT COMPENSATION — MICHIGAN EMPLOYMENT SECURITY ACT — WAGES — LODGING.

   The reasonable cash value of lodging provided by an employer to its employee may be deemed to be wages for purposes of computing the employer's contributions due under the Michigan Employment Security Act only where such lodging is extended as partial or entire remuneration for services rendered (MCL 421.44; MSA 17.548; 1980 AACS, R 421.112).

2. APPEAL — UNEMPLOYMENT COMPENSATION.

   A decision by a hearing referee for the Michigan Employment Security Commission will not be disturbed by the Court of Appeals unless it is contrary to the law or unsupported by competent, material, and substantial evidence (MCL 421.38; MSA 17.540).

*Rubenstein, Isaacs, Lax & Bordman, P.C.* (by *Robert D. Kaplow*), for Seligman & Associates, Inc.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *David A. Voges,* Assistant Attorney General, for Michigan Employment Security Commission.

Before: ALLEN, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. The Michigan Employment Security Commission appeals from a circuit court order allowing Seligman & Associates, Inc., a refund for contributions paid to the MESC on the value of lodging provided to its resident caretakers. Seligman, a Michigan employer, operates numerous apartment complexes and employs caretakers or managers at these complexes. The caretakers are

---

* Circuit judge, sitting on the Court of Appeals by assignment.

provided rent-free apartments as part of their employment, and they are required to live on the premises to handle tenant complaints which might arise.

Under the Michigan Employment Security Act, MCL 421.1 *et seq.*, MSA 17.501 *et seq.*, Seligman, as an employer, is required to pay taxes on the wages paid to its employees. The issue presented here concerns whether the value of lodging provided by Seligman for its resident caretakers is considered wages for the purposes of MESA.

In July, 1982, the MESC issued a notice of assessment in the amount of $18,477.87, reflecting the value of the apartments provided by Seligman for its caretakers for the fourth quarter of 1981 and the first quarter of 1982. Seligman filed a protest of the assessment, and the MESC affirmed the notice of assessment in a redetermination issued in August, 1982. Seligman appealed the redetermination, and in a May, 1984, decision, an MESC hearing referee affirmed. Seligman appealed the hearing referee's decision to the circuit court which reversed the referee's decision and ordered a refund to Seligman. The MESC now appeals. Seligman has filed a cross-appeal seeking interest on the contributions refunded by the MESC. We affirm the ruling of the trial court and hold that the lodging provided to Seligman's resident caretakers is not considered wages for the purposes of MESA.

The controversy centers on the definition of wages under MESA. At the time the dispute arose, MCL 421.44(2); MSA 17.548(2) provided:[1]

"Wages", subject to subsections (3) to (5), means remuneration paid by employers for employment.

[1] MCL 421.44; MSA 17.548 has been amended by 1982 PA 535 and 1985 PA 223; however, the portions of the statute pertinent to resolution of this dispute remain in effect.

Remuneration was defined in MCL 421.44(1); MSA 17.548(1) as follows:

"Remuneration" means all compensation paid for personal services, including commissions and bonuses, and except for agricultural and domestic services, the cash value of all compensation payable in a medium other than cash. Any remuneration payable to an individual which has not been actually received by that individual within 21 days after the end of the pay period in which the remuneration was earned, shall, for the purposes of subsections (2) to (5), be considered to have been paid on the twenty-first day after the end of that pay period. The reasonable cash value of compensation payable in a medium other than cash, shall be estimated and determined in accordance with rules promulgated by the commission. "Remuneration" shall not include money paid an individual by a unit of government for services rendered as a member of the national guard of this state, or for similar services to any state or the United States.

In addition, the MESC has promulgated the following rules:

(1) If board, rent, housing, lodging, meals, or similar advantage is extended in a medium other than cash as partial or entire remuneration for service constituting "employment" as defined in section 42 of the act, then the reasonable cash value of same shall be deemed wages. However, for purposes of this rule, payments in any medium other than cash shall not apply to agricultural or domestic service, except for purposes of subrule (6) of this rule.

(2) Where the cash value for such board, rent, housing, lodging, meals, or similar advantage is agreed upon in any contract of hire, the amount so agreed upon shall be deemed the value of such board, rent, housing, lodging, meals, or similar advantage. Check stubs, pay envelopes, and the

like furnished to employees setting forth such cash value, are acceptable evidence as to the amount of the cash value agreed upon in any contract of hire, except as provided in subrules (4) and (5) of this rule.

(3) In the absence of such an agreement in a contract of hire, the rate for board, rent, housing, lodging, meals, or similar advantage, furnished in addition to money wages or wholly comprising the wages of an employed individual, shall be deemed to have the following cash value, except as provided in subrule (4):

Full board and room per week ........ $29.00
Meals (without lodging) per week ..... 19.50
Meals (without lodging) per day ....... 3.25
Meals (without lodging) per meal ..... 1.00
Lodging (without meals) per week..... 9.75
Lodging (without meals) per day ...... 1.50

However, when lodging is furnished, for example, to superintendents of properties, caretakers, and janitors, the value of such lodging shall be the amount that would be paid by such an employee for similar or equivalent accommodations furnished by an individual other than his employer. [1980 AACS, R 421.112.]

Under 1980 AACS, R 421.112 the reasonable cash value of lodging is only deemed to be wages *if* it is extended as partial or entire remuneration for services rendered. Such is not the case here. We have reviewed the stipulated facts and conclude that the lodging provided by Seligman to its caretakers is provided solely for the convenience of the employer. The lodging is not extended as partial remuneration for services rendered. The parties stipulated that "Seligman has many employees who act as caretakers or managers of the various apartment complexes. These employees are provided the use of a rent-free apartment in connection with their employment." Further, "Seligman requires these employees to live on the premises

for its own convenience so that the employees will be available to handle tenant complaints or other problems which can arise at any time." There was nothing in the stipulated facts indicating that the rent-free lodging was intended as partial remuneration for the employees. There was no indication of what compensation was received by the caretakers or whether they would have received additional compensation if they were not required to live on the premises.

A hearing referee's decision will not be disturbed unless it is contrary to the law or unsupported by competent, material, and substantial evidence. MCL 421.38; MSA 17.540; *Carpet Cleaning & Dye Co, Inc v Employment Security Comm,* 143 Mich App 287, 291; 372 NW2d 332 (1985). We conclude that the hearing referee's decision, finding that the lodging provided constituted remuneration, was unsupported by competent, material, and substantial evidence. Nothing in the record indicates that lodging was provided as partial remuneration; rather, the parties stipulated that lodging was provided for the convenience of the employer. The circuit court did not err in reversing the hearing referee's decision.

This interpretation of the definition of wages under MESA is consistent with the United States Supreme Court's interpretation of the definition of wages under the Federal Unemployment Tax Act in *Rowan Co, Inc v United States,* 452 US 247; 101 S Ct 2288; 68 L Ed 2d 814 (1981). In *Rowan,* the Supreme Court held that for the purposes of that act wages do not include the value of meals and lodging provided for the convenience of the employer.

Seligman raises one issue in its cross-appeal. Seligman argues that it is entitled to receive interest on the contributions refunded by the MESC. We

find that Seligman has failed to properly preserve this issue for appeal. Seligman failed to raise the issue of interest in the administrative proceedings below; thus, appellate review is precluded. *Ackerberg v Grant Community Hospital,* 138 Mich App 295, 299; 360 NW2d 599 (1984).

The order of the circuit court granting Seligman a refund for contributions paid to the MESC is affirmed.

WAHLS, J. *(dissenting).* I respectfully dissent.

The Michigan Employment Security Act, MCL 421.1 *et seq.;* MSA 17.501 *et seq.,* defines wages as "remuneration paid by employers for employment." MCL 421.44(2); MSA 17.548(2). Remuneration is defined in the statute as "all compensation paid for personal services, including commissions and bonuses, and except for agricultural and domestic services, the cash value of all compensation payable in a medium other than cash." MCL 421.44(1); MSA 17.548(1).

The statute is clear; wages include all compensation except compensation paid for agricultural and domestic services. Had the Legislature wanted to exclude lodging provided for the convenience of the employer, it would have so stated. According to the maxim of statutory construction, expressio unius est exclusio alterius, the express mention in a statute of one thing implies exclusion of other similar things. *In re Vellenga Estate,* 120 Mich App 699, 703; 327 NW2d 340 (1982), lv den 418 Mich 874 (1983). The hearing referee concluded that lodging provided by the employer was wages and, therefore, subject to contribution. I believe that ruling was correct.

Furthermore, the Michigan Employment Security Commission has interpreted wages to include lodging:

If board, rent, housing, lodging, meals, or similar advantage is extended in any medium other than cash as partial or entire remuneration for service constituting "employment" as defined in Section 42 of the Act, then the reasonable cash value of same shall be deemed wages. [1980 AACS, R 421.112.]

Although the MESC's interpretation is not binding upon us, we give great deference to interpretations of statutes by the agency in charge of administering it. As this Court has noted:

"[T]he construction placed upon a statute by the agency legislatively chosen to administer it is entitled to great weight." *Davis v River Rouge Bd of Ed,* 406 Mich 486, 490; 280 NW2d 453, 454 (1979), citing *Magreta v Ambassador Steel Co (On Rehearing),* 380 Mich 513, 519; 158 NW2d 473 (1968). Accord, *Federal Election Comm v Democratic Senatorial Campaign Committee,* 454 US 27, 39; 102 S Ct 38, 46; 70 L Ed 2d 23, 34 (1981):

"[T]he task for the Court of Appeals was not to interpret the statute as it thought best but rather the narrower inquiry into whether the commission's construction was 'sufficiently reasonable' to be accepted by a reviewing court."

In *Town & Country Dodge, Inc v Dep't of Treasury,* 118 Mich App 778, 789; 325 NW2d 577 (1982), aff'd 420 Mich 226 (1984), this Court has stated:

"Although appellate tribunals are not bound by an administrative body's interpretation of statutes falling within its powers to administer, *Lorraine Cab v Detroit,* 357 Mich 379, 384; 98 NW2d 607 (1959), administrative interpretation given a statute over a period of years is entitled to great weight, *Wyandotte Bank v Banking Comm'r,* 347 Mich 33, 48; 78 NW2d 612 (1956), and should not be overruled without the most cogent of reasons. *Raven v Wayne County Bd of Comm'rs,* 52 Mich App 196, 200; 217 NW2d 116 (1974)." [*ACIA v*

*Comm'r of Insurance,* 144 Mich App 525, 530-531;
376 NW2d 150 (1985).]

Here, that portion of R 421.112 which requires the
full valuation of lodging furnished to caretakers
has been applied by the MESC for at least thirty
years. See 1979 AC, R 421.112. Thus, it is entitled
to great weight and should not be overruled with-
out the most compelling of reasons.

The case relied upon by the majority to furnish
this compelling reason, *Rowan Co, Inc v United
States,* 452 US 247; 101 S Ct 2288; 68 L Ed 2d 814
(1981), is inapposite here. In *Rowan,* the plaintiff-
employer challenged treasury regulations which
defined "wages" under the Federal Insurance Con-
tributions Act, 26 USC 3101 *et seq.* (FICA), and the
Federal Unemployment Tax Act, 26 USC 3301 *et
seq.* (FUTA), to include the value of meals and
lodging provided for the employer's convenience,
but defined wages to exclude the same for the
purpose of income tax withholding under 26 USC
3402(a). The *Rowan* Court struck down the FICA
and FUTA regulations, reasoning that Congress had
intended to define wages coextensively in all three
instances. In contrast, MESA only deals with unem-
ployment. Within that area this state has always
been consistent in including the value of lodging
in the wage base without regard to whether such
lodging was for the convenience of the employer or
as a condition of employment. Therefore, I find
*Rowan,* and the reasoning therein, insufficient to
change thirty years of this state's interpretation of
wages.

It is worth noting that the United States Con-
gress has essentially codified the treasury regula-
tion that was held invalid in *Rowan.* Both FICA's
and FUTA's definitions of wages now state that they
do not require a similar exclusion from wages as

found in the income tax withholding chapter. 26
USC 3121, 3306. Additionally, the federal agency
in charge of implementing FUTA has stated that
the *Rowan* interpretation of wages "is not neces-
sarily applicable to the definition of 'wages' in
State unemployment compensation law." U S Dept
of Labor, Unemployment Insurance Program Let-
ter No. 39-81. The reason given for the inapplica-
bility is that state unemployment compensation
laws usually do not contain a variety of tax areas
as does the Internal Revenue Code. As stated
above, MESA only addresses unemployment; there-
fore, the *Rowan* interpretation does not apply.

Let us not lose sight of the purpose of MESA. The
act is not just a revenue-raising statute. Rather, it
is designed to address the problems and hardships
of unemployment and to provide benefits to those
who are out of work through no fault of their own.
MCL 421.2; MSA 17.502; *Godsol v Unemployment
Compensation Comm,* 302 Mich 652, 665; 5 NW2d
519 (1942); *Copper Range Co v Unemployment
Compensation Comm,* 320 Mich 460, 470; 31 NW2d
692 (1948).

The term wages is used in MESA not only for the
purpose of raising revenue, but also to determine
the level of benefits of unemployed workers. MCL
421.27a; MSA 17.529(1). Thus, if we were to inter-
pret wages to exclude lodging provided by the
employer for its convenience, we would be substan-
tially lowering the benefit levels for unemployed
workers. This interpretation would be totally con-
trary to the express purpose of MESA to maintain
the purchasing power of unemployed workers and
limit the serious social consequences of relief assis-
tance.

For the foregoing reasons I would reverse the
circuit court's order granting Seligman a refund
for contributions paid to the MESC.