601 N.W.2d 168 (1999)
236 Mich. App. 168
Jeffrey W. O'CONNOR, Martin J. Refka, and Steven B. Taylor, Petitioners-Appellees,
v.
DEPARTMENT OF CONSUMER AND INDUSTRY SERVICES, Insurance Bureau, and Insurance Commissioner, Respondents-Appellees. and
Michigan Association of Public Insurance Adjusters, Inc., Intervening Respondent-Appellant.
Jeffrey W. O'Connor, Martin J. Refka, and Steven B. Taylor, Petitioners-Appellees,
v.
Consumer & Industry Services, Insurance Bureau, And Insurance Commissioner, Respondents, and
Insurance Commissioner, Respondent-Appellant, and
Michigan Association of Public Insurance Adjusters, Inc., Intervening Respondent-Appellee.
Docket Nos. 204209, 204234.
Court of Appeals of Michigan.
Submitted May 5, 1999, at Lansing.
Decided August 3, 1999, at 9:10 a.m.
Released for Publication October 22, 1999.
*169 Miller, Canfield, Paddock and Stone (by Louis B. Reinwasser), Lansing, for Jeffrey W. O'Connor, Martin J. Refka, and Steven B. Taylor.
Honigman Miller Schwartz and Cohn (by Peter M. Alter and Ruth E. Zimmerman), Lansing, for Michigan Association of Public Adjusters, Inc.
Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, and Carolyn Ruskin-Cohen, Assistant Attorney General, for the Insurance Commissioner.
Before GRIBBS, P.J., and KELLY and HOOD, JJ.
PER CURIAM.
This case involves consolidated appeals. In Docket No. 204209, intervening respondent Michigan Association of Public Insurance Adjusters appeals by leave granted from the June 4, 1997, order of the lower court vacating the final order of the Insurance Commissioner that revoked the insurance adjuster licenses of petitioners Jeffrey W. O'Connor, Martin J. Refka, and Steven B. Taylor. In Docket No. 204234, respondent Insurance Commissioner appeals by leave granted from the same order. We reverse.
The controversy among these parties stems from the contentious relationship between Michigan and Ohio regarding the licensure of adjusters in their respective states. Ohio has a residency requirement in its licensure statute, which states that no license will be issued or renewed to an applicant who is not a resident of Ohio. See Ohio Rev. Code Ann. 3951.06(D). The restrictive nature of Ohio's residency requirement *170 was highlighted when the association's president, a Michigan resident, and another Michigan resident set up an Ohio corporation and were unable to acquire Ohio licensing either individually or through their new corporate status. The corporation appealed the decisions, and the Ohio Supreme Court ultimately held that denial of the licensure was proper because neither the officers nor the directors of the corporation were Ohio residents. Associated Adjusters of Ohio, Inc. v. Ohio Dep't of Ins., 50 Ohio St.2d 144, 363 N.E.2d 730 (1977). The Ohio court further stated that "[i]t is readily apparent that the individual applicants ... have attempted to circumvent the statutory residency requirement by incorporating their enterprise in Ohio." Id. at 148, 363 N.E.2d 730. In 1978, Michigan inserted a reciprocal provision in its licensure statute, denying licenses to applicants who reside in a jurisdiction that would deny a comparable license to a Michigan resident solely because of residency.
Petitioners are all residents of Indiana. They are all employed by Sill-Indiana, an adjusting firm that was incorporated in 1975 in Indiana, a state that does not discriminate against Michigan residents. However, Sill-Indiana is wholly owned and controlled by Robert Sill, a resident of Ohio and the owner and incorporator of Sill-Ohio, and the 1978 Michigan legislation effectively revoked the Michigan adjuster licenses of Sill-Ohio. Robert Sill is Sill-Indiana's sole incorporator, sole shareholder, and sole director. According to the association's interpretation of the company's marketing brochures, Sill-Ohio is merely one company that is operated in multiple states, with petitioner Refka acting as the Indiana branch manager of the Ohio corporation and not an employee of Sill-Indiana.
Employees of Sill-Indiana apparently first applied for Michigan adjuster licenses in 1978 but were denied licensure because Sill-Indiana was controlled by an Ohio resident, although the applicants could have been licensed individually. In late 1986 and early 1987, an adjuster from the Sill corporation, who was not licensed in Michigan, came to Michigan to assist an adjuster licensed in Michigan. According to documents submitted by the association, the commissioner sent several notices of opportunity to show compliance in the matter until at some unspecified time, "the Sill compliance case and related compliance matters were discontinued with the understanding that any future unlicensed activity by Sill or any of his associates would lead to disciplinary action" and the further understanding that Sill had "agreed to support changes in the Ohio legislature to accomplish greater equity in the Ohio insurance adjusting marketplace for Michigan residents."
In the early 1990s, petitioners in this case applied for Michigan adjuster licenses, stating on their applications that they would be representing an adjusting firm and supplying the name and address of Sill-Indiana. Petitioners claim that they found out from high-level staff at the commissioner's office that no conflict would arise from granting licenses to them as Sill-Indiana employees. Petitioners received their licenses in 1992. The association drafted and submitted pleadings for a license revocation proceeding that were issued in May 1995 by the commissioner. The association then formally intervened in the matter, and respondents moved for summary decision.
A hearing was held on February 12, 1996. At the hearing, the association argued that licensure of petitioners meant that Sill-Ohio could avoid the retaliatory legislative intent of the Michigan statute simply by incorporating a Sill corporation in a nearby nonrestrictive state. The petitioners argued that, in order to deny them licensure, the commissioner would have to read into the statute an additional requirement that an applicant cannot work for a company that has an alter ego corporation incorporated in a state that discriminates against Michigan residents.
*171 The hearing referee agreed with petitioners' construction of the statute and issued her proposal for summary decision to that effect on February 15, 1996. On October 7, 1996, the commissioner issued a ruling and order rejecting the hearing referee's position and instead adopting the association's argument.
On October 21, 1996, petitioners requested a stay of the revocation until they could file an appeal with the circuit court. The commissioner granted a stay on October 28, 1996. On October 30, 1996, the association filed a motion to lift the stay, but the commissioner reaffirmed his decision.
Following a hearing on April 28, 1997, the circuit court reversed the commissioner's decision and affirmed the hearing officer's proposed decision. The trial court found that the commissioner had improperly pierced the corporate veil in considering the Ohio owner of Sill-Indiana.
Judicial review of an agency decision is limited to whether the decision is authorized by law and supported by competent, material, and substantial evidence on the whole record. Const. 1963, art. 6, § 28. A court may set aside an agency decision even if it is supported by substantial evidence if it is based on a substantial and material error of law. MCL 24.306(1)(f); MSA 3.560(206)(1)(f). Detroit Police Ass'n v. Detroit, 212 Mich.App. 383, 388, 538 N.W.2d 37 (1995).
The construction of a statute by the agency legislatively chosen to administer it is entitled to great weight. Auto Club Ins. Ass'n v. Comm'r of Ins., 144 Mich.App. 525, 530, 376 N.W.2d 150 (1985). The task for this Court is to determine whether the commissioner's construction is "sufficiently reasonable"; it should not be overruled without the "most cogent of reasons." Id., at 530-531, 376 N.W.2d 150 (citations omitted).
The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. Frankenmuth Mut. Ins. Co. v. Marlette Homes, Inc., 456 Mich. 511, 515, 573 N.W.2d 611 (1998). Here it is apparent that the statute to be interpreted was enacted by the Legislature to remedy an existing injustice. See Rookledge v. Garwood, 340 Mich. 444, 453, 65 N.W.2d 785 (1954). When a statute is remedial in nature, it is to be liberally construed. Western Michigan Univ. Bd. of Control v. Michigan, 455 Mich. 531, 546, 565 N.W.2d 828 (1997). Liberal construction means giving words the largest, the fullest, and the most extensive meaning of which they are susceptible. Birznieks v. Cooper, 405 Mich. 319, 331, n. 12, 275 N.W.2d 221 (1979).
The language at issue, which was added by the Legislature in 1978 to subsection 3 of M.C.L. § 500.1224; MSA 24.11224 provides:
Persons currently licensed and new licenses issued shall be subject to any additional restrictions under which a resident of this state would be licensed in the jurisdiction in which the applicant resides. Any such restriction shall be imposed by the commissioner upon the date set for payment of the license fee. The commissioner shall not issue a new license or accept an annual license fee continuing a current license to a person residing in a state that denies a comparable license to a resident of this state solely because of residency.
As part of the application process, the commissioner is specifically authorized by statute to investigate the applicant's qualifications, residence, business affiliations, and any other matter the commissioner deems necessary or advisable. MCL 500.1224(2); MSA 24.11224(2).
In this case, the commissioner found that the Ohio-resident owner of respondents' employer was not entitled to achieve "the authority of a license through the Indiana corporation that he owns." The commissioner noted that "when the corporate form is employed to avoid the purpose *172 of the law, the separate existence of the corporation can be disregarded," citing C. E. Austin, Inc. v. Secretary of State, 321 Mich. 426, 434, 32 N.W.2d 694 (1948). If petitioners were permitted to have licenses, the commissioner reasoned, Sill-Oshio would be able to adjust insurance claims in Michigan through its employees, even though Sill-Ohio itself is specifically prohibited from adjusting Michigan claims.
We find the commissioner's interpretation "sufficiently reasonable." Auto Club, supra at 530, 376 N.W.2d 150. Petitioners argue that the commissioner's interpretation of the statute is unwise and unfair. Even if petitioners were correct, however, the courts may not impose a construction of a statute based on a policy decision when the Legislature has already chosen between competing policies. Stabley v. Huron-Clinton Metropolitan Park Authority, 228 Mich.App. 363, 370, 579 N.W.2d 374 (1998). The wisdom of a statute is a legislative responsibility with which the courts may not interfere. Jennings v. Southwood, 446 Mich. 125, 142, 521 N.W.2d 230 (1994). We therefore reverse the decision of the circuit court vacating the commissioner's decision.
We need not address respondent association's claim that the commissioner improperly issued an order staying the effect of his decision, because it is moot in light of our ruling here, except to note that we find no abuse of discretion in this matter. Respondent association's contention that petitioners do not have the statutorily required "good moral character" necessary for licensure was not decided by the trial court and is not, therefore, properly preserved for our review.
Finally, respondents argue that the commissioner was authorized to reject the hearing referee's proposal for decision and render the final decision of the agency within a reasonable time. Petitioners respond that the final order of the commissioner could be reversed solely because it was untimely. The timeliness of the commissioner's decision was not an issue raised in the parties' applications for leave to appeal. In cases for which leave to appeal is granted, the appeal is limited to the issues raised in the application. MCR 7.302(F)(4)(a). Moreover, the circuit court declined to review this matter. This issue is not properly preserved for our consideration and need not be addressed.
Reversed.